STATE of Missouri, Respondent,

v.

Michael LADD, Appellant.

No. KCD 28623.

Missouri Court of Appeals,
Kansas City District.

April 4, 1977.

Motion for Rehearing and/or Transfer
Denied May 2, 1977.

Application to Transfer Denied
July 11, 1977.

William G. Mays, II, Public Defender, 13th Judicial Circuit, Columbia, for appellant.

John C. Danforth, Atty. Gen., Jefferson City, Charles B. Blackmar, Special Asst. Atty. Gen., St. Louis, for respondent.

PER CURIAM.

A jury found appellant guilty of armed robbery and assault with intent to do great bodily harm, § 559.190, RSMo 1969. Upon a finding of the applicability of the Second Offender Act, the court sentenced him to 40 years on the robbery charge and 5 years on the assault charge, to run concurrently, in the Department of Corrections.

The sole point on appeal is a contention that the argument of counsel for the state was improper: "The Court erred in overruling defendant's objection and request for mistrial regarding improper argument by the prosecutor relating to the element of intent in the crimes of rape and murder." This point is inadequate under the rule in that it fails to set forth why and wherein the court erred, and renders this appeal subject to dismissal. It may be gleaned from the short argument portion of the brief that it was beyond the instructions given by the court on the issues relevant to the case, and was therefore improper for the prosecutor to comment beyond those instructions; the argument was of such a nature as to be highly prejudicial in impact;

and was outside the scope of evidence presented at trial and was intended to inflame and prejudice the minds of the jurors. Although inartfully presented, the point and argument will be considered. And although the brief mentions only portions of the argument, it is set forth more fully in order that its full context will appear, in connection also with appellant's argument:

"BY MR. HARPER: Ladies and gentlemen, I'll try not to belabor this, but I want to make a couple more comments on Count II. I want to read this, it's Instruction 7. Read it when you get back to the jury room and I ask you, you know when a person commits an armed robbery or any crime, they have to have criminal intent at that time to do certain acts. Later what if they say, gosh, I was going to give the money back. I was going to give it back. So if somebody says I was going to give that back, does that negate the whole criminal intent at the time? If that's all, you know, you had to do, why, you could kill, rape, rob, steal, everything else with no consequence. MR. CLINE: This way outside the evidence. There's no evidence of killing, raping—[interrupted] MR. HARPER: I'm not alleging there is. Your Honor, this is argument. THE COURT: Objection will be overruled. Proceed." The grounds for the objection were then expanded by appellant's counsel. "MR. HARPER: I'm arguing the concept of criminal intent." The objection was again overruled and a request for mistrial was denied. "MR. HARPER: What I am trying to say to you, is, in any criminal case, you have to have criminal intent. In Count I you have the intent to deprive the owner of their property, their intent to put them in fear of great bodily harm. Criminal intent is the essence of any type of crime. I don't care what it is, rape, robbery, stealing, whatever. MR. CLINE: I object. There's no evidence of rape. I want to make a record on this." Further request for mistrial was denied, and the objection was again overruled. Counsel for state further argued appellant's intent in aiming the pistol at Carroll Highbarger. Appellant's counsel had argued: " * * Taking the State's evidence, taking their

evidence at its most favorable light, the defendant came out of the car with a gun and pointed it at Highbarger. Highbarger yelled, 'Don't, Ladd, don't.' What happened next? Shots? No, defendant threw down the gun and ran. Is that the intent to kill somebody or to do great bodily harm, to throw down the gun and run? He ran 500 feet before he was caught. Is that the intent to do great bodily harm? He had no weapon on him. Everybody agrees he didn't fire any shots. * * * After a short confrontation with Ladd, Ladd got behind the tree. You know what he did when he got behind the tree; he threw the gun down, didn't he? * * * He wasn't caught for another half-a-block yet, * *. But by the same token, the defendant fleeing the scene after throwing down his weapon when people are shooting at him, that makes sense. * * * Is this really an assault by this defendant? * * * Is that trying to kill somebody, is that trying to do great bodily harm and to throw down the gun and run, being shot at? I don't think there is any intent to assault anyone here." Repetitively, the argument thereafter goes on at length as to appellant's lack of intent because he threw down the gun and ran.

▮ The general tenor of the state's argument here, retaliatory in nature, was to meet the argument of appellant's counsel. As presented by appellant's counsel, the argument was that after aiming the weapon at Highbarger, he abandoned his purpose, dropped the gun and fled, thus showing a lack of intent to assault Highbarger. The propriety of the state's argument finds support in this statement: "Abandonment of the evil or criminal intention at any time before so much of the act is done as is necessary to constitute an offense prevents what has been done from being indictable. If, however, the requisite criminal intent exists at the time of the commission of the act, the crime is committed and a subsequent change of intent will not relieve the actor of responsibility, since he cannot abandon what he has already done." 22 C.J.S. Criminal Law § 29, p. 99. See also

6A C.J.S. Assault & Battery § 67, p. 437; cf. *State v. Selle,* 367 S.W.2d 522, 527[8–11] (Mo.1963). The evidence here showed that the weapon aimed at Highbarger, and which was then dropped, was loaded. "Generally, a person who points a loaded firearm at another in order to do the other an injury or put him in fear is guilty of an unlawful act amounting to an assault, * * * ." 6A C.J.S. Assault & Battery § 69, p. 439. See also *State v. Fine,* 324 Mo. 194, 23 S.W.2d 7, 9 (1929). It is thus apparent that counsel for appellant presented an argument to the jury that was outside the evidence; there was no evidence that appellant abandoned any private intent to assault before the overt act of aiming the weapon at Highbarger was committed. There was no objection, however, to the argument of appellant's counsel. That argument, then, was in the case, and state's counsel was entitled to meet it. This he did in arguing the futility of abandonment of a criminal intent once formed. The example argued to the jury was the afterthought of giving back money after a robbery had occurred which did not negate the criminal intent. It was then argued, in effect, that the crimes of killing, rape, robbery, stealing, "or anything else" could be committed with no consequence if the criminal intent was nonexistent. It is clear that counsel for the state was arguing the concept of criminal intent in connection with the felonious assault case against appellant. And although the mentioned crimes of killing, rape, robbery and stealing were not within the evidence, the concept of criminal intent, as argued by both parties was—even as to the comment, "Is that the intent to kill somebody * * * ?" by appellant's counsel.

The state's argument was retaliatory in nature. In *State v. Tiedt,* 360 Mo. 594, 229 S.W.2d 582, 588 (banc 1950), it was said, " '[T]he State's counsel can go further by way of retaliation, in answering arguments of the defendant's counsel, than he would be authorized to do in the first instance.' *State v. Beasley,* 353 Mo. 392, 182 S.W.2d 541, 544. * * * ." In *State v. Turley,* 518 S.W.2d 207, 211[4, 5] (Mo.App.

1974), the matter of alleged improper argument was considered, and the court said, "[T]he granting or withholding of a new trial for improper argument is a matter for trial court's discretion. *State v. Williams, supra,* 419 S.W.2d [49] at 50 [Mo.1967]. An appellate court will not interfere with a ruling by the trial court unless the record shows that the trial court abused its discretion to the prejudice of appellant. *State v. Hutchinson,* 458 S.W.2d 553, 556, (Mo. banc 1970). Such statements must have been plainly unwarranted and clearly injurious. *State v. Hutchinson, supra.*" Here, the matter of appellant's criminal intent was within the issues, as argued, and were not therefore unwarranted. The trial court did not abuse its discretion in overruling the objections to argument in the context presented.

The judgment is affirmed.