STATE of Missouri,
Plaintiff-Respondent,

v.

Richard James HARTY,
Defendant-Appellant.

No. 39210.

Missouri Court of Appeals,
St. Louis District,
Division One.

July 25, 1978.

John D. Ashcroft, Atty. Gen., Paul R. Otto, Asst. Atty. Gen., Eric Martin, Jefferson City, Courtney Goodman, Jr., Pros. Atty., Clayton, James R. Hartenbowl, St. Louis, for defendant-appellant.

Robert H. Wendt, St. Louis, for plaintiff-respondent.

SMITH, Judge.

Defendant appeals from a judgment of conviction of assault with intent to kill with malice and resultant three-year sentence of imprisonment in a court-tried case. We reverse.

Defendant's sole point is that the court erred in failing to sustain his motion for acquittal. The evidence most favorable to the state is as follows. On October 20, 1976, shortly after midnight, Gale Frattini left the house of Theodore Conway. She heard two shots, then heard a voice say, "I'm going to kill you, you son-of-a-bitch." While looking in the direction from which the voice came she saw a muzzle flash and heard a shot. The shot came from an open field to the rear of the Conway house. Theodore Conway testified that he heard shots, got up from his bed, went onto the back porch, heard someone say, "Hey, you son-of-a-bitch, 'I'm going to kill you and your whole family," heard a shot and saw a muzzle flash. The flash came from an area of weeds and timber, approximately three hundred feet from where Conway was located. Beyond that point, at some unspecified distance, is a road and a subdivision. There are other houses in the vicinity. Conway called the police who arrived within fifteen minutes and arrested defendant who had in his possession a loaded .30 caliber semi-automatic rifle and two or three spent cartridges which had been fired from the rifle. Defendant was charged and convicted of an assault upon Conway. There is no evidence that any bullets were located in Conway's vicinity, or that either witness was aware of the direction in which the bullets were fired, or that Conway had a family, or that either witness knew defendant.

The evidence was sufficient to establish that defendant fired a rifle. The statute under which defendant was charged and convicted provides: "Every person who shall, on purpose and of malice aforethought, shoot at . . . ." Sec. 559.180, RSMo.1969. There is no evidence at all in the record, nor any basis for a reasonable inference, that defendant shot at Conway.

There is no evidence that defendant's statements were directed to Conway (the epithet used is one of indefinite application); no motive was shown for the claimed assault, nor was there even evidence that defendant knew Conway. The state asserts that it is not necessary that the victim be struck in order for defendant to be guilty of the assault charge, citing *State v. Agee*, 68 Mo. 264 (1878) and *State v. Broyles*, 317 Mo. 284, 295 S.W. 550 (1927). We agree, but it is necessary that the victim be shot *at.* In the absence of any evidence which would support an inference that defendant shot at Conway, the state failed to carry its burden of establishing defendant's guilt of the crime charged. The shooting of a gun in some undetermined direction including up or down does not establish that defendant shot at or assaulted Conway.

Judgment reversed and defendant ordered discharged.

CLEMENS, P. J., and McMILLIAN, J., concur.