STATE of Missouri, Respondent,

v.

Fred D. HEITMAN, Appellant.

No. WD 31430.

Missouri Court of Appeals,
Western District.

March 2, 1981.

Motion for Rehearing and/or Transfer to Supreme Court Denied March 30, 1981.

Application to Transfer Denied
May 11, 1981.

Robert G. Duncan, Kansas City, for appellant.

John Ashcroft, Atty. Gen., Paul R. Otto, Asst. Atty. Gen., Jefferson City, for respondent.

Before PRITCHARD, P. J., and TURNAGE and CLARK, JJ.

CLARK, Judge.

Appellant was jury tried and convicted of assault with intent to kill with malice aforethought, burglary second degree and stealing.[1] In accordance with the verdict, appellant was sentenced to concurrent terms of eight and three years for burglary and stealing and a consecutive sentence of thirteen years for assault.

On this appeal, Heitman contends (1) the evidence was insufficient for submission of the charge of assault with intent to kill, (2) the lesser included offense of common assault was erroneously not submitted, and (3) the jury instruction on assault without malice failed to conform to MAI-CR. Affirmed.

In the early morning hours, an automatic alarm notified the Kansas City, Missouri police dispatcher that unauthorized entry had been made to Bill and Gerry's Bar on Independence Avenue. Five police officers and a helicopter responded. Among those dispatched to the scene were Officer New of the canine unit and Officer Koetting. The owner of the bar was contacted by telephone and he arrived within a few minutes. The keys were given to New who unlocked the front door and entered with his dog. A man, later identified as Heitman, was observed behind the bar counter ransacking drawers. After shouting a warning and receiving no response, New released the dog. Heitman crouched down behind the bar where he was protected from the dog by debris on the floor and by open cabinet doors.

To determine why the dog was unable to reach the suspect, New walked toward the opposite end of the bar. At this point, both New and Officer Koetting, who was looking through the front window from the street, observed Heitman point a pistol at New from a squatting position behind the bar. Koetting, believing New to be in immediate danger of being shot by Heitmen, fired two shots through the window. Heitman was struck by both bullets, he fell to the floor behind the bar and the pistol flew from his hand and landed some ten feet from him. When the gun was later examined, the hammer was in a cocked position ready to fire, the gun was fully loaded and test firing disclosed it to be in operating condition.

The bar premises had been fully secured by the owner when the business had closed for the night approximately one hour before the break-in. Subsequent investigation revealed that entry to the building had been effected by coming through the roof and through a false ceiling in an office area. A sledge hammer was found on the roof and a plywood panel had been removed from a window.

In his first point, Heitman argues that the evidence not only failed to establish intent on his part to kill New, but required a contrary inference. Even conceding that he directed the weapon toward New as the target, appellant notes that he voiced no threat and fired no shot although adequate time and means were available to do so. In effect, appellant says that his failure to fire the weapon demonstrates restraint and reluctance to cause injury and belies any intent to kill. As a corollary, he also contends that the same facts disprove the additional charge of malice.

▮▮▮ By common definition, the unlawful offer of bodily injury to another with the apparent present ability to accomplish

---

1. The information asserted December 19, 1978, to have been the date the offenses were committed. Prosecution was therefore under §§ 559.180, 560.070 and 560.156, RSMo 1969, subsequently repealed effective January 1, 1979.

the deed if not prevented is an assault. *State v. Parker*, 378 S.W.2d 274, 282 (Mo. App.1964). A person who points a loaded firearm at another in order to cause injury or induce fear is guilty of an assault. *State v. Ladd*, 552 S.W.2d 23 (Mo.App.1977); *State v. Eddy*, 199 S.W. 186 (Mo.1917). The intent of one charged with an offense which includes this element is ordinarily not susceptible of proof by direct evidence. Intent may be and usually is shown by circumstantial evidence. *State v. Gannaway*, 313 S.W.2d 653, 656 (Mo.1958); *State v. Moon*, 602 S.W.2d 828, 831 (Mo.App.1980).

The evidence bearing on the issue of intent was undisputed and showed that Heitman was confronted while in the act of committing a burglary; that he drew a revolver from his trousers and pointed the weapon at the police officer who had called on him to surrender; that the gun was loaded, cocked and operable; that the distance between Heitman and the officer was six to eight feet; and that Heitman was felled by shots from another officer before Heitman's gun was fired. This evidence was sufficient, if believed by the jury, to convict Heitman of the offense.

 In effect, Heitman claims that a threat to do violence is no offense if, with opportunity to act, the force be not actually applied. As noted above, however, the threat with the present means of accomplishment is the offense and intent is inferred from the circumstances of the acts and conduct. Here, it is not suggested that Heitman drew and aimed the weapon in sport or jest or upon any motivation other than that which his conduct and the situation presented. His gun was not fired because of that which followed, either a change of purpose or indecision or because he was struck down by shots from Officer Koetting. Neither possibility negates the proof of the assault and the requisite inference of intent. A change of mind, premature discovery, resistance of an intended victim or intervention of outside forces which thwart the act of violence do not change the character of the assault or purge the defendant of the offense. *State v. Selle*, 367 S.W.2d 522, 527 (Mo.1963).

Appellant relies on *State v. Kester*, 201 S.W. 62 (Mo.1918) and *State v. Harty*, 569 S.W.2d 783 (Mo.App.1978). While both cases involve the discharge of a firearm and resulting charges of assault, they are distinguishable from the present case on the facts. In each, the defendant was shown to have fired a gun generally in the direction of a building but without proof that any particular victim was a target or that the defendant knew anyone was in the path of the bullet's trajectory.

 The contention that malice was not shown is equally without merit. The weapon which Heitman held was admittedly capable of producing death or great bodily harm when aimed at Officer New. There is a presumption of malice in an assault with a deadly weapon in the absence of countervailing circumstances. *State v. Pride*, 567 S.W.2d 426, 431 (Mo.App.1978); *State v. Webb*, 518 S.W.2d 317 (Mo.App. 1975).

Heitman next argues that he was entitled to but the jury was not given an instruction on the lesser included offense of common assault. Appellant's brief, however, fails to comply with Rule 30.06(e) in that the instruction to which he claims he was entitled does not appear. In the interests of resolving the point, but with some difficulty because of the briefing deficiency, the issue will be considered ex gratia. We assume the instruction contended for is MAI–CR 6.26.

 The court is obligated to instruct on lesser included offenses, whether the instruction is requested or not, if supported by the evidence. *State v. Smith*, 592 S.W.2d 165 (Mo. banc 1979). Common assault is a lesser offense included within the graver felony of assault with intent to kill. *State v. Hammond*, 571 S.W.2d 114 (Mo. banc 1978). The offense of common assault is the offer of bodily injury to another by

force with the apparent present ability to effectuate the attempt. *State v. Higgins*, 252 S.W.2d 641, 646 (Mo.App.1952). The degrees of assault therefore differ by the extent of the injury threatened.

The controlling factor with respect to submitting a lesser offense in assault cases is whether the facts in evidence are sufficient arguably to show a lack of an essential element of the higher degree of the offense. *State v. Howell*, 524 S.W.2d 11, 21 (Mo. banc 1975). The use of a deadly weapon in an assault case precludes the requirement for submission of common assault, absent countervailing circumstances, because the natural consequence of using a deadly weapon is, at the very least, great bodily harm. *State v. Brandon*, 606 S.W.2d 784, 787 (Mo.App.1980).

Heitman did not testify or call any witnesses. There was no evidence from any source suggesting self-defense, justification or extenuating or mitigating circumstances leading to any conclusion except that Heitman aimed the loaded revolver at the police officer and was prepared to shoot when he himself was wounded by the weapon fired by the other officer. Under this evidence, Heitman was not entitled to an instruction on the lesser offense. *State v. Johnson*, 461 S.W.2d 724 (Mo.1971).

Appellant in his final point contends that the jury instruction as to the offense of assault without malice was defective because it did not inform the jury that pointing the gun at Officer New was an assault. The point erroneously asserts that the instruction failed to conform to the then applicable MAI–CR 6.24. In fact, the contention deals with some disparity in the language of the two verdict directing instructions, one as to assault with malice and the other without malice.

Instruction No. 5, pertaining to assault with intent to kill with malice aforethought, recited in pertinent part, " * * * the defendant assaulted Randall New by pointing a gun at him * * *." Instruction No. 6, pertaining to assault with intent to kill without malice aforethought, stated in the comparable part, " * * * the defendant pointed a gun at Randall New * * *." As the asserted point is perceived, Heitman contends non-conformance of Instruction No. 6 to MAI–CR because it does not repeat the word "assaulted" used in Instruction No. 5.

The contention is without merit. The question of fact for decision by the jury and common to both offenses submitted by the two instructions in issue was whether Heitman pointed the gun at the officer. Both instructions clearly indicate the offense to be assault, the one with malice and the other without. The pattern instructions do not require use of the term "assaulted" in describing the conduct charged, but offer various options to specify in each case the means or force employed. The excess language in Instruction No. 5 was surplusage and appellant suffered no demonstrable prejudice thereby.

The judgment is affirmed.

All concur.