**STATE of Missouri, Respondent,**

v.

**Marvin Dale JONES, Appellant.**

**No. WD 36935.**

Missouri Court of Appeals,
Western District.

July 22, 1986.

Motion for Rehearing and/or Transfer to Supreme Court Denied Aug. 28, 1986.

Application to Transfer Denied
Oct. 14, 1986.

Thomas V. Bender, James R. Hobbs, Linde, Thomson, Fairchild, Langworthy, Kohn & Van Dyke, P.C., Kansas City, for appellant.

William L. Webster, Atty. Gen., Kevin B. Behrndt, Asst. Atty. Gen., Jefferson City, for respondent.

Before DIXON, P.J., and MANFORD and NUGENT, JJ.

NUGENT, Judge.

The defendant, Marvin Dale Jones, was found guilty by a jury of attempted assault upon conservation Agent Quinton Walsh, a violation of § 565.060 1(1).[1] The information also charges that defendant is a prior and a persistent offender.

Defendant appeals his conviction asserting that the trial court erred in overruling defendant's motion in limine regarding evidence of other crimes and contending that the trial court erred in refusing to instruct the jury on the lesser included offenses of assault in the third degree, class A and C misdemeanors. We affirm.

On the evening of November 8, 1984, conservation agents, Quinton Walsh and Bill Campbell were patrolling the eastern area of Vernon County for illegal hunting. The hunting season for racoon and deer was not open and hunting at night is illegal.

The agents had parked their truck in a driveway just off of and facing a county gravel road which intersected with EE Highway. Both agents saw a vehicle coming toward them on the gravel road from EE Highway at less than five miles per hour. They stepped onto the roadway to watch the vehicle as it approached them and saw a flashlight shining out of the driver's window. They concluded that the driver was spotlighting[2] and prepared to stop the vehicle.

Agent Walsh returned to the roadside with his flashlight and waited for the vehicle to come nearer. Agent Campbell also equipped with a flashlight positioned himself in the brush off the gravel road.

When the vehicle was about forty feet from them, Agent Walsh stepped onto the center of the road, turned his flashlight on the vehicle and ordered it to stop. As he signaled the vehicle to stop, he shined his flashlight across the front of the vehicle, then only fifteen feet away, and recognized the driver as the defendant. He also saw two dogs in the front seat and a gun hanging against the rear window. At the same time, Agent Campbell approached the vehicle from the side and shined his flashlight at defendant's face. He recognized the defendant and calling him by name ordered him to stop. Agent Campbell saw the two dogs moving around the cab of the truck but did not see a rifle. At that point defendant's truck sped up and headed toward Agent Walsh.[3] The agent stepped out of the traveled portion of the road, over a ridge of gravel and onto the grass where he slipped, skinning his knee. As he stepped out of the way, the truck hit the gravel ridge and veered back onto the road and continued traveling south. Both agents then observed the defendant's truck

---

1. All sectional references are to Revised Statutes of Missouri, 1978, unless otherwise indicated.

2. Agent Walsh testified that spotlighting is an illegal method of hunting at night by using a flashlight or headlights of a car in search of wild animals. The light has a blinding affect on the animal causing it to stop and stare at the light and making it easier for hunters to shoot.

3. Both agents estimated the speed of defendant's truck as it increased within this 40 foot distance to be about 20 miles per hour.

pull off to the side of the road and then turn back onto the road gaining speed. With their red light flashing, the agents pursued the defendant and stopped him about three quarters of a mile down the road.

After they stopped the defendant, the agents recovered two racoon pelts from the truck. The skins were warm and the blood and fat were fresh. Agent Walsh stated that the holes in the pelts were caused by a round from a small caliber gun such as a .22 rifle, but they found no rifle in the truck.

The agents went back to the area where they had seen the defendant pull off to the side of the road and recovered a .22 caliber rifle. Racoon hairs and a short .22 caliber cartridge were found in the rifle. Agent Walsh testified that the rifle was in poor condition and that in his experience rifles in such condition are the type used for illegal spotlighting because a hunter would readily abandon such a rifle if necessary.

Defendant denied attempting to assault Agent Walsh with his truck. He testified that he was driving on EE Highway when he noticed the thermostat gauge of his truck was on "hot." He turned onto the gravel road and slowed almost to a stop. He shined his flashlight out the window to see if his engine was running hot. The truck proceeded over a hill and began to gain speed. One of defendant's dogs had fallen asleep on him. He shoved the dog off, and as he glanced up he was blinded by two flashlights shining in his face. He swerved to the right of them. He stated that he could not see who was holding the flashlights and did not hear anyone ordering him to stop. After passing them, he slowed down and looked back to see who they were. He saw their lights headed back in the other direction, and he headed for home. The defendant then saw a vehicle behind him with a red light, so he stopped and waited for them.

## I.

In Point I, the defendant contends that the trial court erred in overruling his mo-
tion in limine and in allowing over defense objection the admission of a .22 caliber rifle as evidence of other crimes. He argues that the rifle is irrelevant to the offense charged and prejudicial because of its inherently dangerous nature.

■ Evidence of the commission of separate and distinct crimes is not admissible unless it has some legitimate tendency directly to establish the defendant's guilt of the crime for which he is on trial. *State v. Shaw*, 636 S.W.2d 667, 671 (Mo.1982) (en banc).

> Generally speaking, evidence of other crimes is competent to prove the specific crime charged when it tends to establish (1) motive; (2) intent; (3) the absence of mistake or accident; (4) a common scheme or plan embracing the commission of two or more crimes so related to each other that proof of one tends to establish the other; (5) the identity of the person charged with the commission of the crime on trial.

*State v. Reese*, 274 S.W.2d 304, 307 (Mo. 1954) (en banc).

■ Here, the evidence of the rifle and testimony about it is admissible to show motive, intent and absence of mistake or accident.

The agents testified that they saw the defendant driving at an unusually slow speed and shining a flashlight from the driver's window. They believed him to be illegally spotlighting and prepared to stop him. Agent Walsh testified that as the defendant's truck approached him he shined his flashlight across the front of the truck and saw a rifle hanging on the rear window. After defendant's truck passed, they saw it come almost to a stop at the side of the road and then proceed on. When they stopped the defendant, they found the pelts of two freshly killed racoons on the floorboard of defendant's truck but no gun. The holes in the pelts were caused by a round from a small caliber gun, perhaps a .22 caliber rifle. They returned to the area where the defendant had slowed down and recovered the rifle.

In light of this evidence, the introduction of evidence of the rifle and its condition was relevant to prove the state's theory that the defendant had been illegally spotlighting and that the attempted assault on Agent Walsh was not accidental but was done to avoid apprehension.

■ Where the evidence, as in this case, is logically relevant to prove a material fact and issue, it is not to be rejected merely because it incidentally proves the defendant guilty of another crime.[4] *State v. Kilgore*, 447 S.W.2d 544, 547 (Mo.1969).

Furthermore, the evidence of illegal spotlighting and recovery of the rifle was so linked together in time and circumstance with the attempted assault that one cannot be fully shown without proving the other. *State v. Martin*, 651 S.W.2d 645, 651 (Mo. App.1983). The rule excluding evidence of other crimes does not apply if the independent crime tends directly to prove defendant's guilt of the crime with which he is charged. *State v. Fisher*, 302 S.W.2d 902, 905 (Mo.1957).

The evidence of spotlighting and the introduction of the rifle was both competent and relevant.

## II.

We will consolidate defendant's Points II and III in this opinion because they involve similar issues. Defendant contends that the trial court erred by refusing to instruct the jury on the lesser included offenses of assault in the third degree, class A and C misdemeanors. He argues that the evidence was sufficient to support the submission of those instructions and that the court's refusal to give those alternative instructions prejudiced him.

Missouri courts have frequently held that a trial court must instruct the jury on all lesser included offenses supported by the evidence and that not to do so is error. *State v. Story*, 646 S.W.2d 68, 73 (Mo.1983)

(en banc); *State v. Smith*, 592 S.W.2d 165 (Mo.1979) (en banc). An instruction on a lesser included offense is required where an evidentiary basis exists for a verdict acquitting the defendant of the offense charged and convicting him of the included offense. § 556.046.2; *State v. Olson*, 636 S.W.2d 318, 321 (Mo.1982) (en banc).

Section 556.046.1(1) which relates to included offenses, provides:

1. A defendant may be convicted of an offense included in an offense charged in the indictment or information. An offense is so included when

(1) It is established *by proof of the same* or less than all the facts required to establish the commission of the offense charged; ...

2. The court shall not be obligated to charge the jury with respect to an included offense unless there is a basis for a verdict acquitting the defendant of the offense charged and convicting him of the included offense.

(Emphasis added.) Notes on Use, M.A.I.–CR2d, 17.00 5.(A), (B).

The defendant proffered to the court two instructions on third degree assault, class A and C misdemeanors. The trial court summarily rejected both and only submitted an instruction for second degree assault, Instruction No. 5.

■ Given Instruction No. 5, modeled after MAI–CR2d 19.04.2, requires the jury to find: "That on November 8, 1984, in the County of Vernon, State of Missouri, the defendant attempted to cause physical injury to Quentin Walsh by means of a dangerous instrument."

Refused Instruction "A", offered by the defendant on third degree assault, a class A misdemeanor, modeled after MAI–CR2d 19.06.1, requires the jury to find: "That on November 8, 1984, in the County of Vernon, State of Missouri, the defendant attempted to cause physical injury to Quentin

---

**4.** The trial court submitted a limiting instruction requiring the jury to consider the evidence of illegal spotlighting solely for the purpose of determining intent and absence of mistake or

accident. That instruction removes any unduly prejudicial effect this evidence might have upon the jury.

Walsh by driving a pick-up truck at Quentin Walsh."

The elements for conviction under the two instructions are substantially the same. All of the elements of Instruction "A" are included in the elements of given Instruction No. 5. The only difference between these two instructions is the use of the term "dangerous instrument" in instruction No. 5 and the use of the language "driving a pick-up truck" in refused Instruction "A."

For purposes of instructing on this lesser included offense, the evidence at trial was sufficient to show that the defendant attempted to cause physical injury to Agent Walsh by driving the truck at him. But the very same evidence is capable of convicting defendant of the offense charged, the felony, rather than acquitting him. Therefore, the court was not obliged under § 556.046.2 to charge the jury on the lesser included class A misdemeanor. *State v. Olson, supra,* 636 S.W.2d at 321.

Defendant also offered instruction "B" on third degree assault, a class C misdemeanor, modeled after MAI–CR2d 19.06.2. It requires the jury to find: "That on November 8, 1984, in the County of Vernon, State of Missouri, the defendant purposely placed Quentin H. Walsh in apprehension of immediate physical injury by attempting to strike him with a motor vehicle."

■ "By common definition, to constitute an assault there must be an 'unlawful force,' an intentional unlawful offer of bodily injury to another under such circumstances as to create a well-founded fear of imminent peril, coupled with the apparent present ability to effectuate the attempt if not prevented." *State v. Parker,* 378 S.W.2d 274, 282 (Mo.App.1964). A person who drives a motor vehicle toward another in order to cause injury or induce fear is guilty of an assault. *State v. Heitman,* 613 S.W.2d 902, 905 (Mo.App.1981); *State v. Ladd,* 552 S.W.2d 23, 25 (Mo.App.1977). Intent, as an element of assault, is generally not susceptible of proof by direct evidence and may be established by circumstantial evidence or inferred from sur-

rounding facts. *State v. Moon,* 602 S.W.2d 828, 831 (Mo.App.1980); *State v. Heitman, supra,* at 905. A jury is permitted to draw such reasonable inferences from the evidence as the evidence will support. *State v. Moon, supra,* at 831. Furthermore, a jury may believe or disbelieve all, part or none of the testimony of any witness, including the testimony of the defendant. *Id.* at 831.

■ The evidence in this case revealed that Agent Walsh was standing in the road shining his flashlight and motioning defendant to stop when defendant's truck sped up and veered toward the agent. Agent Walsh at that point, stepped out of the way and slipped into a ditch. When the agents stopped the defendant, they found the pelts of two freshly killed racoons in his truck. Defendant denied attempting to strike agent Walsh and stated that he was blinded by their flashlights and swerved around the agent.

Based on this evidence the jury could reasonably find either that the defendant was blinded by the agents' flashlights and swerved to *avoid* striking Agent Walsh or that the defendant intended to cause physical injury to Agent Walsh. None of the evidence supports the inference that the defendant merely intended to place Agent Walsh in apprehension of immediate physical injury.

On the evidence in this case, we find that the trial court did not abuse its discretion in refusing to submit these lesser included offense instructions.

For the foregoing reasons, we affirm the trial court's order.

All concur.