**STATE of Missouri, Respondent,**

v.

**Keven WATSON, Appellant.**

**No. 53498.**

Missouri Court of Appeals,
Eastern District,
Division One.

June 28, 1988.

Motion for Rehearing and/or Transfer to Supreme Court Denied Aug. 3, 1988.

Application to Transfer Denied
Sept. 13, 1988.

Mary C. McWilliams, Asst. Public Defender, St. Louis, for appellant.

William L. Webster, Atty. Gen., John Munson Morris, L. Timothy Wilson, Asst. Attys. Gen., Jefferson City, for respondent.

CRIST, Judge.

Defendant appeals from his jury convictions for first degree robbery, § 569.020, and armed criminal action, § 571.015. He was sentenced to a term of fifteen years for the robbery and ten years for the arm-

ed criminal action to run consecutively. We affirm.

The sufficiency of the evidence to sustain defendant's conviction is not in dispute. The evidence viewed in the light most favorable to the verdict consists of the following: On August 22, 1986, at approximately 11 p.m., defendant and another black male entered the Days Inn located on Lindell Boulevard in the City of St. Louis. The men approached the desk clerk and asked for change. Because they were not guests of the hotel, the clerk directed them to the bar for change.

A short time later, defendant returned to the lobby, jumped up on the counter, pointed a handgun at the clerk and said, "Honey, give me all your money." Defendant then pushed the clerk aside, reached into the money drawer and stole its contents.

As defendant ran out the front door, the hotel security guard entered the lobby, and when he was apprised of the situation, he gave chase. The guard saw defendant jump into a car driven by another individual and fire two shots. The guard did not pursue defendant but did note the license plate number of the vehicle. The guard described the automobile as a 1973 Oldsmobile, white on brown, with Missouri license plate number FFT–480.

Later that evening, a police officer on patrol observed an automobile with the same license number reported by the guard. It was occupied by two black males. He saw the men turn at an intersection, extinguish the vehicle's lights, and pull into an alley. The officer pursued the vehicle and found the car parked and the two men running away. He was unable to catch either of the men, but he secured the automobile.

The license plate on the car had been issued to a 1973 Ford owned by an individual no longer at the address listed. The vehicle identification number was registered to defendant. Defendant's fingerprint was found in the car. Defendant contacted the police in an effort to recover his car, and he was arrested in the area where his car was found. The hotel desk clerk identified defendant as the man who robbed her both from photographs and from a lineup.

Defendant's sole point on appeal is that the trial court abused its discretion in excluding the testimony of two of his witnesses as a sanction for violation of the disclosure requirements of Rule 25.05(A)(2, 5).

Rule 25.05(A)(2) requires the defendant, upon written request by the State, to disclose the names of any witnesses he intends to call. Rule 25.05(A)(5) lists specific requirements when a defendant intends to rely on the defense of alibi. Rule 25.16 provides for sanctions for failure to comply with the disclosure requirements. These sanctions include exclusion of the evidence. Rule 25.16.

The imposition of the sanctions provided for in Rule 25.16 is within the discretion of the trial court and will be disturbed on appeal only when the sanction results in fundamental unfairness to the defendant. *State v. Wooten,* 735 S.W.2d 30, 31 (Mo. App.1987); *State v. Lupo,* 676 S.W.2d 30, 33[11] (Mo.App.1984).

The subject of the proposed witnesses arose during the pre-trial motion stage of defendant's trial, after the jury had been sworn. The crime occurred on a Friday night. The alibi witness, defendant's girlfriend, was to testify defendant was with her from Thursday until Sunday of that week. The other witness, defendant's aunt, was to testify defendant left his car parked on the street and left the keys with his uncle when he left with his girlfriend on Thursday. She would further testify she reported the car stolen on Saturday of that week.

The State objected to the late endorsement of these witnesses because they had not been available to be interviewed, and it was too late at that point to investigate their stories. The court noted the State had filed its request for disclosure on October 6, 1986, and the endorsements were not filed until May 29, 1987. The court excluded the testimony of both witnesses, finding late endorsement would be highly prejudicial to the State. The defendant asked that a continuance be granted to allow the

**646**

State time to investigate the witnesses; however, the court declined to allow it on the grounds the trial date had been reset numerous times and all of the continuances were for the benefit of the defendant.

Under the circumstances of this case, we find no fundamental unfairness resulted from the exclusion of the testimony. Defendant offered no reasonable justification for his failure to disclose these witnesses, especially where one was his girlfriend and the other his aunt. *See State v. Harris*, 664 S.W.2d 677, 680–81 (Mo.App.1984).

Judgment affirmed.

GARY M. GAERTNER, P.J., and REINHARD, J., concur.