**STATE of Missouri, Respondent,**

v.

**Frank FISCHER, Appellant.**

**No. 55393.**

Missouri Court of Appeals,
Eastern District,
Division Three.

June 6, 1989.

Rehearing Denied July 5, 1989.

Arthur S. Margulis, Clayton, for appellant.

William L. Webster, Atty. Gen., William J. Swift, Asst. Atty. Gen., Jefferson City, for respondent.

DOWD, Presiding Judge.

Appellant, Frank Fischer, appeals from a jury conviction of first degree assault, Section 565.050, RSMo 1986, and twenty year sentence as a prior offender. We affirm.

The facts viewed in the light most favorable to the verdict are as follows: Appellant and victim, who were friends, were visiting a mutual friend, Lee Triplett, at Triplett's place of business during the afternoon of January 28, 1987. Later that evening, victim attended a soccer game at the Arena where he sat in the company of appellant and a group of others which included appellant's son and appellant's then girlfriend now wife, Pam Buckman. Victim testified that he had consumed a number of beers during both events and that he was "feeling it" but was not "completely intoxicated."

After the soccer game ended, between 11:00 and 11:30 p.m., victim and several of his companions including appellant went over to victim's residence where they all engaged in drinking beer.

After 1:00 a.m., a disturbance occurred between appellant and his son whereafter appellant and victim started to argue. Victim then asked everyone to leave. Victim grabbed a gun because he felt threatened. All went as far as the sidewalk and then four people, including appellant, started to return. Victim fired one shot in the air to frighten them away. After the shot was fired everyone departed and victim went back into his house.

Once inside his home, he found broken lamps and the house generally "tore up." He telephoned a friend, George Cameron, to ask him to come over and help him clean up. Twice, both before and after the telephone call, victim went to his door and noticed the police (who were responding to the shot fired) were sitting inside their car outside of his house. The police thereafter left to circle the neighborhood because they were unsure of the exact address of the disturbance.

Victim then placed his pistol in a desk drawer. Shortly thereafter victim heard someone yell "Hey, Mike." Victim went to the door and saw appellant holding a rifle-type gun. Victim turned, heard a shot and felt his "side go numb." He then dove back towards the desk and heard a second shot. Victim called 911. He then called

his mother to tell her what happened during which time 911 "broke in on the line." Victim's friend, George Cameron arrived 3 or 4 minutes after the second 911 conversation. Victim told Cameron appellant had just shot him.

Cameron, who noticed the police outside [1] when he entered victim's dwelling, ran outside to seek their assistance. Officer Karl came in and found victim on the floor with his pistol lying next to him and the phone on the floor. Victim told Officer Karl that appellant shot him and where to find him. Appellant was then arrested outside Triplett's business office.

Appellant and Pam Buckman both testified at trial that Buckman shot victim. Buckman stated she shot at victim because he had fired his pistol. The jury found appellant guilty of first degree assault and this appeal follows.

Appellant's first point on appeal states that trial court erred by allowing certain testimony and evidence in at trial. We disagree.

At the outset we note that when claiming error on the basis of evidentiary rulings, appellant bears the burden of showing both error and prejudice. *State v. Reyes*, 740 S.W.2d 257, 263 (Mo.App.1987).

■ The first piece of evidence challenged is hearsay testimony allowed in under the excited utterance exception. The testimony in question comes from victim's friend, George Cameron, who had encountered victim almost immediately after he was shot. Cameron testified that victim told him that "Frank Fischer had come and shot him."

As to the admissibility of an excited utterance, the Missouri Supreme Court has stated:

The essential test for admissibility of a spontaneous statement or excited utterance is neither the time nor place of its utterance but whether it was made under such circumstances as to indicate it is trustworthy. The rationale of this exception to the hearsay rule is that where the

---

1. The police had since returned after the second set of shots were fired.

statement is made under the immediate and uncontrolled domination of the senses as a result of the shock produced by the event, the utterance may be taken as expressing the true belief of the declarant. (citation omitted) *State v. Griffin,* 662 S.W.2d 854, 858 (Mo. banc 1983). *cert. denied,* 469 U.S. 873, 105 S.Ct. 224, 83 L.Ed.2d 153 (1984) (*quoting State v. Van Orman,* 642 S.W.2d 636, 639 (Mo.1982)). Here we find the circumstances meet this test for allowing the challenged testimony into evidence.

The statement at issue was made by victim who was shot just minutes before. Victim then grabbed his gun, called 911 and telephoned his mother to tell her what happened. Then just prior to the statement in question victim stated that he thought he was dying. This clearly indicates that the statement was made under the immediate and uncontrolled domination of the senses and thus indicates its trustworthiness.

Furthermore, victim testified as to his statements made to Cameron, thus no prejudice results. We fail to find error in the admittance of this testimony.

■ Appellant next challenges the admittance of an aluminum panel of the screen door through which the bullets were fired. Appellant claims that the state failed to establish a chain of custody. We note, however, that chain of custody is irrelevant where the exhibit is positively identified. *State v. Ingram,* 607 S.W.2d 438, 441 (Mo.1980). Here there is no challenge to the identity of the door panel as being someone's other than victim's and the door panel was identified in court. What appellant argues is that the door panel was not a fair or accurate representation of the door panel on the night of the assault. The trial judge, however, noted on the record that he had compared the door panel to a picture of the door panel that was taken immediately after the shooting and then overruled appellant's objection. This indicates that the trial judge was satisfied that the door panel was not significantly altered so as to prevent its admission. Furthermore, appellant fails to show any prejudice by the admittance of this exhibit. We therefore fail to find error in this ruling.

■ Appellant next challenges that admittance of rebuttal evidence on the issue of victim's intoxication and use of drugs. Appellant argues that the state should not have been allowed to introduce rebuttal evidence because the state had already "opened up" the issue of victim's sobriety during its case-in-chief.

The scope of rebuttal testimony is within the broad discretion of the trial court. *State v. Leisure,* 749 S.W.2d 366, 380 (Mo. banc 1988). Rebuttal evidence is proper where it tends to explain, contradict, repel, or disprove appellant's evidence. *State v. Sanford,* 734 S.W.2d 525, 527 (Mo.App. 1987).

During the state's case-in-chief, victim stated that he drank beers throughout the evening and even though he was "feeling it," he was not "completely intoxicated." Victim denied any drug use. Appellant then during his defense produced a number of witnesses who testified as to their opinion that victim was "both high and intoxicated" indicating mistaken identification as the basis of his defense. During rebuttal, the trial court allowed the state to recall Officer Karl who spoke with victim in victim's house immediately following the shooting. Officer Karl stated in his opinion victim did not appear intoxicated or under the influence of drugs. We fail to find error where the state was allowed to use rebuttal evidence on an issue that had been briefly addressed during its case-in-chief even though it may have been further expounded upon in its case-in-chief. *See State v. Caldwell,* 695 S.W.2d 484, 487 (Mo.App.1985). Point denied.

Appellant's second point on appeal states that the trial court erred by failing to include in its instructions to the jury the lessor included offense of second degree assault.

■ A review of the record fails to reveal any indication of appellant tendering such instruction. Appellant may not complain about the trial court's failure to give

an instruction of the lessor included offense unless appellant specifically requests it.[2] *State v. Olson*, 636 S.W.2d 318, 322–23 (Mo. banc 1982).

 The record reveals evidence to support the instruction of assault in the first degree. An inclusion of a lesser degree instruction would have been inconsistent with the defense asserted at trial. A tactical decision, such as which defense to assert, may not be utilized as a basis for reversal on appeal. Point denied.

Appellant's final point on appeal states that the "cumulation of errors" by the trial court constituted plain error. In citing to the "cumulation of errors" appellant merely refers us back to the arguments made in his first and second points. Since these points are not error, they cannot constitute error when taken collectively. *State v. Ross*, 606 S.W.2d 416, 427 (Mo.App.1980). Point denied.

Judgment is affirmed.

SIMON and GARY M. GAERTNER, JJ., concur.

**2.** The exception to this rule is for homicide cases which is governed by a different standard.