Jeannie Arterburn, St. Louis, for appellant.

Morley J. Swingle, Pros. Atty., Lori A. Spillane, Asst. Pros. Atty., Jackson, for respondent.

CRIST, Judge.

Appeal from one of two convictions for two counts of assault in the third degree entered after a bench trial. Affirmed.

Defendant and Farrow had known each other for several years. The two had exchanged hostile words prior to the occurrence on April 16, 1991. On that date, the two had a knockdown and dragout on the shoulder of Highway 177. Farrow won the fight. At this point, Defendant entered his vehicle, and Farrow turned and began walking home on the shoulder of the highway. Defendant then drove towards Farrow, "ran off the shoulder" on the side of the road Farrow was on, and as Farrow "side stepped one step to the side" towards a telephone pole, Defendant drove by and "hung a stick out the window" hitting Farrow on the arm. Count I charged him with the class A misdemeanor of assault in the third degree by attempting to cause physical injury to Farrow by striking him with a club as Defendant drove by him in a truck.

**STATE of Missouri, Respondent,**

v.

**David Lee SNELL, Appellant.**

No. 61057.

Missouri Court of Appeals,
Eastern District,
Division One.

Jan. 12, 1993.

Count II charged him with the class C misdemeanor of assault in the third degree by purposely placing Farrow in apprehension of immediate physical injury by driving toward Farrow as if intending to run him over. The trial court found Defendant guilty and sentenced him to six months on Count I and fifteen days on Count II. The court suspended Defendant's sentence and placed him on supervised probation for two years.

At the trial, the State had the burden of proving Defendant's guilt beyond a reasonable doubt. *In re Winship*, 397 U.S. 358, 364, 90 S.Ct. 1068, 1072, 25 L.Ed.2d 368 (1970). Further, we review the evidence in the light most favorable to the State. *State v. Stewart*, 811 S.W.2d 805, 808[1] (Mo.App.1991).

■■■ Defendant avers there was insufficient evidence to support his conviction on Count II. He alleges the evidence did not show he intended to run over Farrow, but only that he drove toward Farrow to strike him in the arm with a stick. However, the charge did not require that Defendant intend to run over Farrow, but merely that he placed Farrow in apprehension of such by driving toward him *as if* intending to run over him. Section 565.070, RSMo 1986, provides several grounds for assault in the third degree, including "purposely places another person in apprehension of immediate physical injury." Intent may be proven by circumstantial evidence and the finder of fact may consider "the type of weapon used, manner and circumstances under which it is used, results, and other relevant factors." *State v. Robinson*, 710 S.W.2d 14, 17[3] (Mo.App.1986). Further, a person who drives an automobile toward another to cause injury or induce fear is guilty of assault. *State v. Jones*, 716 S.W.2d 315, 319[5] (Mo.App.1986). The evidence clearly supports Defendant's conviction. The record indicates Defendant drove toward Farrow while he walked on the shoulder and Farrow had to move out of the way. Farrow stated Defendant then ran off the road and came close enough to Farrow to hit him with a stick. Defendant was unsuccessful in hitting Farrow with his truck

only by virtue of the fact that Farrow moved out of the way. Since he could not reach Farrow with his truck, he hit him with a stick. Furthermore, the Defendant admitted on the stand he drove toward Farrow and hit him with the stick. Therefore, his intent to place Farrow in immediate apprehension of physical injury by driving towards Farrow as if intending to run over him may be inferred from the circumstances.

Judgment affirmed.

AHRENS, P.J., and REINHARD, J., concur.