STATE of Missouri, Respondent,

v.

Harry WHITE, Appellant.

Harry WHITE, Appellant,

v.

STATE of Missouri, Respondent.

Nos. 59720, 61999.

Missouri Court of Appeals,
Eastern District,
Division Four.

Feb. 9, 1993.

Henry B. Robertson, St. Louis, for appellant.

William L. Webster, Atty. Gen., Joan F. Gummels, Asst. Atty. Gen., Jefferson City, for respondent.

SIMON, Judge.

Harry White, appellant, appeals his jury convictions of Assault First Degree, § 565.-050 RSMo.1986 (all further references shall be to RSMo.1986 unless otherwise noted); Armed Criminal Action, § 571.015; Criminal Possession of a Weapon, § 571.020; and Knowingly Burning, § 569.055, for which he was sentenced to concurrent terms of life, forty years, seven years, and three years respectively. Appellant also appeals the dismissal of his post-conviction relief motion (Rule 29.15) which was filed out of time.

On appeal, appellant contends the trial court (1) abused its discretion in excluding defense witnesses as a sanction for noncompliance with a discovery request; and (2) erred in refusing to instruct the jury on the lesser included offense of assault second degree. He claims also that the motion court erred in denying his motion for leave to file a Rule 29.15 motion out of time, and in dismissing the Rule 29.15 motion. We affirm.

Appellant does not contest the sufficiency of the evidence so we briefly review the evidence in a light most favorable to the verdicts. On August 6, 1989, the St. Louis Police received an assignment to go to 2919 North Taylor, the address of appellant's aunt, where his wife, Sandra White, was staying. After speaking with Sandra White at the front door, the police officers went to the back of the house and observed appellant on the back porch. After advising appellant that his wife did not wish him to be there, the police asked him to leave. Appellant agreed to leave, and did so without incident. Approximately forty-five minutes later, appellant made several phone calls to his wife from a neighbor's house and from a phone booth. Mrs. White also observed appellant walking up and down the street with no apparent purpose for a period of approximately five minutes.

At approximately 4:00 a.m., appellant was seen on the front porch arguing with someone inside the house. Appellant left the porch, threw some flammable substance on top of his wife's car, and lit it. Shortly thereafter, Officers James Scott and Charles Horn of the St. Louis Police Department responded to a call for police at the same address on North Taylor. Scott preceded Horn towards the house but waited at the bottom of the steps near the

sidewalk. Scott observed someone sitting with his hands between the storm door and the front door of the address in question and requested that person, later determined to be appellant, to come down to talk. Appellant told Scott not to come any closer, and not to come up on the porch. Scott drew his service revolver and again asked appellant to come down. When Horn approached, Scott proceeded up the steps toward appellant. Scott stood near the bottom step of the porch and asked appellant what he was doing. Appellant did not verbally respond, but stood up, lit a fire bomb composed of a glass bottle and a flammable liquid, and threw it at Scott, hitting him in the chest causing him to stumble, on fire, away from the porch and into the street. Horn fired four shots with his service revolver, one of which struck appellant in the leg, and then assisted Scott in extinguishing himself on the front lawn of the house next door. Officer Scott was severely burned and taken to Barnes hospital.

The jury's verdicts were returned on December 13, 1990, and appellant requested, and was granted, additional time to January 14, 1991 to file a motion for new trial. Under Rule 29.11(b), a motion for new trial must be filed within fifteen days after return of the verdict, and the trial court is authorized to grant one extension of time not to exceed ten days, for a total of 25 days. Since the verdicts were returned on December 13, 1990, the extension granted by the trial court was seven days more than the allowable ten day period. Appellant acknowledges that the trial court did not have jurisdiction to grant such an extension, and that the motion for new trial was untimely filed. As a result, nothing is preserved for appeal and this court reviews the direct appeal only for plain error. *State v. Bailey*, 645 S.W.2d 211, 212[1, 2] (Mo.App.1983).

Appellant's first point is that the trial court abused its discretion in excluding defense witnesses and evidence as a sanction for failure to comply with the prosecution's Rule 25.05 discovery request. The prosecution, in its motion for sanctions served on defense counsel May 23, 1990, stated that the defense had been served with a request for discovery pursuant to Rule 25.05 on or about October 6, 1989, and that as of May 23, 1990 neither appellant nor his attorney had provided any discovery pursuant to that request. The motion for sanctions was scheduled for hearing on June 7, 1990, but neither appellant nor his counsel appeared. At this hearing the trial court granted the motion for sanctions and excluded the testimony of experts, character witnesses, alibi, physical exhibits, or documents, and excluded any argument or evidence thereof. Appellant later made a motion to set aside the sanctions. Pursuant to this motion, the trial court modified its previous order, and permitted appellant to endorse his wife, Sandra White, and Dr. Theotis Wheatt, a psychiatrist, as witnesses. The court precluded any other endorsements without specific written leave of court and notice to the state. On October, 18, 1990, appellant filed an endorsement naming his brother, aunt, neighbors, nurses at the city jail, two paramedics and others as witnesses. The record does not show that leave of court to endorse the witnesses was sought or received, that the prosecution objected to this endorsement, or what action, if any, was taken by the trial court regarding the endorsement.

After Sandra White and Dr. Wheatt testified for the defense, the trial court asked defense counsel if there were any further witnesses. Defense counsel said there were none, and did not attempt to call any further witnesses, but stated that the defense wished to make an offer of proof regarding certain eye witnesses which the defense claimed were excluded from testifying. Responding, the trial court instructed appellant to submit a written offer of proof.

 Rule 25.05 requires the defendant, upon written request by the state, to disclose the names of any witnesses he intends to call. *State v. Watson*, 755 S.W.2d 644, 645 (Mo.App.1988). Rule 25.16 provides for sanctions for failure to comply with the disclosure requirements, including the exclusion of evidence. *Id.* The imposition of the sanctions provided for in Rule

25.16 is within the discretion of the trial court and will be disturbed on appeal only when the sanction results in fundamental unfairness to the defendant. *Id.* In determining whether the sanction resulted in fundamental unfairness, the presumption in criminal proceedings is that all errors are prejudicial, but this presumption is not conclusive and may be overcome by the facts and circumstances of the particular case. *State v. Bowman,* 783 S.W.2d 506, 507 (Mo.App.1990). To determine whether the exclusion of the evidence resulted in prejudice, the facts and circumstances of the particular case must be examined including the nature of the charge, the evidence presented, and the role the excluded evidence would have played in the defense's theory. *Id.*

■ In his offer of proof, which is contained in the motion for new trial, appellant outlined the testimony of his brother, aunt, neighbor, nurses at the city jail, and paramedics at the crime scene. Collectively, this testimony was designed to show (1) that appellant had not taken his anti-psychotic medicine and was consuming alcohol in the two days preceding the incident; (2) how he had behaved prior to being evicted from his aunt's house and how he behaved when not on anti-psychotic medication; (3) that he was acting crazy the night of the incident by banging his head on the wall and walking up and down the street with no purpose; (4) that due to the medications he was taking in the jail after the incident, his mental illness had gone into remission by the time he was examined by Dr. Wheatt and the state's psychologist, Dr. Kukor; and (5) appellant's demeanor, behavior and status at the crime scene and while in the care of the paramedics. However, the record shows that this information was presented to the jury in the testimony of appellant's wife and Dr. Wheatt. Therefore the testimony set out in the offer of proof is cumulative to testimony already presented.

The exhibits described in appellant's offer of proof are (1) his hospital records from the Veterans Administration, designed to show appellant's mental history; (2) the records of medical attention he received at Barnes Hospital following the crime, to provide evidence of a medical/psychiatric evaluation, if any, made as to his mental state, blood alcohol content, behavior, and such other information bearing upon active mental disease; and (3) the medications records of the city jail, to show, again, that his mental illness had gone into remission by the time he was examined by Dr. Wheatt and Dr. Kukor.

First, the contents of the Veterans Administration records, and the medical records of the city jail were testified to and extensively detailed by Dr. Wheatt. Thus, further evidence of the contents of those records is cumulative. Second, the offer of proof regarding the Barnes hospital records shows no prejudice because it does not definitively state that any "medical/psychiatric assessments" were made, nor does it state that had any such assessments been made they would have favorably supported appellant's mental disease defense. We perceive no prejudice.

Moreover, as appellant has conceded in his brief, leave of court to endorse these witnesses was not sought. The record does not show that such leave would have been refused had it been sought in compliance with the trial court's order. Based on the record before us, we cannot say that the exclusion sanction was fundamentally unfair. Thus, we find no manifest injustice. Point denied.

Appellant's second point is that the trial court erred in refusing to instruct the jury on the lesser included offense of assault in the second degree because there was a basis in the evidence for acquitting appellant of assault in the first degree and convicting him of assault second. He contends that the psychiatric testimony that he was incapable of forming the requisite intent for assault first and was acting recklessly, the mental state required for assault second, provided the basis.

■ To preserve a point of instructional error for appellate review, specific objections to given or refused instructions are required in motions for new trial unless made on the record at the time of trial.

*State v. Gannaway*, 649 S.W.2d 235, 240[15] (Mo.App.1983). Here, appellant's point is not preserved because, as previously noted, the motion for new trial was untimely and no specific record was made at trial. Further, appellant's point is not preserved since his specific objection, in his motion for new trial, to the trial court's refusal to instruct the jury on assault second was based on the argument that the instruction was warranted by evidence of "sudden passion", an argument completely different from the one now advanced on appeal. The specific argument regarding recklessness as a basis for the instruction was not presented to the trial court either at trial or in the motion for new trial. *See, id.* Thus, the point is not preserved, and we review only for plain error.

■■■ For instructional errors to rise to the level of plain error, the trial court must have so misdirected or failed to instruct the jury as to cause manifest injustice. *State v. Robinson*, 650 S.W.2d 11, 13[1] (Mo.App. 1983). The reviewing court must examine the facts and circumstances to determine whether plain error exists. *Id.*

■■■ Instructing down is required pursuant to § 556.046.1, but only if the evidence provides both a basis for a verdict acquitting of the greater offense and convicting of the lesser included offense. Section 556.046.2; *State v. Williams*, 784 S.W.2d 309, 311[1] (Mo.App.1990). The court must resolve all doubts in favor of instructing down. *Id.*

Appellant tendered Instruction B, an instruction on assault second patterned after MAI–CR 3d 319.12, which would have permitted the jury to find that appellant recklessly caused serious physical injury to Officer Scott by burning him. Contained in the proffered instruction was the following:

A person acts "recklessly" as to causing serious physical injury if he consciously disregards a substantial and unjustifiable risk that his conduct will result in serious physical injury and such disregard constitutes a gross deviation from the standard of care which a reasonable person would exercise in this situation.

Appellant claims that the expert testimony was not conclusive on the issue of intent which compels an instruction on assault second to test the disputed state of mind. Dr. Wheatt opined that appellant did not have the intent to hurt Officer Scott. He equivocated, however, on whether appellant was suffering from a mental disease or defect at the time of the crime, stating at one point that appellant did suffer from a mental disease or defect at the time of the incident, and at another point that appellant's mental disease or defect was not active.

■■■ Intent, as an element of assault, is generally not susceptible of direct evidentiary proof and may be established by circumstantial evidence or inferred from surrounding facts. *State v. Jones*, 716 S.W.2d 315, 319[5] (Mo.App.1986). A jury is permitted to draw such reasonable inferences from the evidence as the evidence will permit, and may believe or disbelieve all, part, or none of the testimony of any witness. *Id.* A defendant's mental state may be determined from evidence of his conduct before the act, the act itself and from the defendant's subsequent conduct. *State v. Johnson*, 770 S.W.2d 263, 267[8] (Mo.App.1989). Here, the evidence was sufficient to support the instruction and the finding that appellant acted intentionally when he stood up on the porch, lit the firebomb, drew his arm back, and threw the firebomb directly at Officer Scott. Also, the evidence that appellant had just burned the hood of his wife's car suggests that he knew the harmful and flammable nature of the substance in the bottle thrown at Officer Scott. Dr. Wheatt's statement as to appellant's intent is insufficient to support appellant's proffered instruction, unless there is a basis in the evidence to convict on recklessness.

Appellant claims a statement by Dr. Kukor, a psychologist called by the state as an expert witness to rebut appellant's mental disease or defect defense, provides a basis for the instruction. Dr. Kukor, on cross-examination, acknowledged a statement from his report that it was appellant's "use of alcohol that led to a state of behavioral

disinhibition during which he acted in an extremely reckless and impulsive fashion." He also acknowledged his conclusion that the alcohol had not combined with appellant's mental disease to form a psychotic state active at the time he threw the firebomb at Officer Scott. Dr. Kukor testified further that appellant's mental disease or defect was not such that he could not conform his behavior to the requirements of the law or could not appreciate the nature, quality and wrongfulness of his acts, and did not in any way diminish his ability to form the intent to throw the firebomb.

In *State v. Johnson,* 770 S.W.2d at 263, our colleagues in the Western District held that the record contained no evidence upon which a jury could have found the accused did not act knowingly but did act recklessly in inflicting the victim's injuries. The court, relying on § 562.076, rejected alcohol intoxication as a factor to be considered. *Id.,* at 267[8].

Here, the evidence which appellant claims supports an instruction based on reckless conduct is the statement of Dr. Kukor that appellant's use of alcohol was the cause of his behavioral disinhibition and reckless action. A person who is in an intoxicated condition from voluntary ingestion of alcohol is criminally responsible for his conduct. Here, alcohol intoxication cannot form the basis for an instruction on acting "recklessly." § 562.076; *Id.* Thus, the record contains no basis entitling appellant to an instruction on assault second.

Moreover, appellant's trial evidence was designed to establish that, though he threw the firebomb at Officer Scott, at the time he did not know or appreciate the nature, quality or wrongfulness of his conduct or was incapable of conforming his conduct to the requirements of the law because of a mental disease or defect. The instructions, except for MAI–CR 3d 319.12, assault second, in appellant's brief, are not part of the record on appeal. However, it appears that appellant sought and received submission of MAI–CR 3d 306.02, mental disease or defect excluding responsibility, and MAI–CR 3d 308.03, mental disease or defect negating the culpable mental state. Thus,

the jury rejected appellant's defense theory in rendering verdicts of guilty. The inclusion of a lesser degree instruction permitting a finding that appellant consciously disregarded a substantial and unjustifiable risk would appear to have been inconsistent with the defense theory asserted at trial. *See, State v. Fischer,* 774 S.W.2d 495, 498[6] (Mo.App.1989). We find no manifest injustice.

■ Appellant's third point is that the trial court erred in denying his motion for leave to file a Rule 29.15 motion out of time and dismissing the motion itself. He claims his attorney's failure to advise him of the filing deadline and the absolute finality of the deadline denied him due process of law.

Rule 29.15(b) provides that if an appeal of the judgment sought to be vacated, set aside or corrected is taken, the motion shall be filed within thirty days after the filing of the transcript in the appeal. The time limitations of Rule 29.15 have been held both reasonable and mandatory. *See,* e.g., *State v. Gibson,* 812 S.W.2d 521, 525[8] (Mo.App.1991).

Here, the record shows the transcript was filed on December 16, 1991, requiring appellant's Rule 29.15 motion to be filed by January 15, 1992. On March 10, 1992, appellant filed a motion for leave to file a Rule 29.15 motion out of time, a pro se 29.15 motion, and an affidavit stating that it was his intention to file a 29.15 motion but that he was never informed by trial counsel or anyone else as to the transcript being filed or when the motion would be due. Also he stated that he did not learn of the filing of the record on appeal from another attorney until January 21, 1992, and that it was only because he was unaware of the deadline that he did not timely file his motion.

Appellant's challenge to the application of the time limits is essentially that he was incarcerated at the time the transcript in the appeal was filed by trial counsel, and therefore at the mercy of trial counsel to inform him of the deadline for filing a motion under Rule 29.15. Appellant claims also that the personal interests of trial

counsel were adverse to his own, and that there was no incentive to inform appellant of the deadline, because counsel may want to keep the case on appeal and so reap an additional fee. This aim of trial counsel, appellant argues, would be frustrated by a post-conviction relief motion claiming ineffective assistance of counsel and so creating a conflict of interest. Even if trial counsel was completely ignorant of the deadline, appellant argues, in either event appellant has lost his remedy through no fault of his own.

In *Smith v. State*, 798 S.W.2d 152 (Mo. banc 1990), cert. denied, —— U.S. ——, 111 S.Ct. 2043, 114 L.Ed.2d 127 (1991), the movant untimely filed his pro se Rule 29.15 motion beyond the thirty days after the filing of the transcript on appeal. Movant represented to the Court that he had relied upon the Office of the State Public Defender to advise him of the time for filing the pro se motion, and postulated various excuses for the failure. *Id.*, at 153. Our Supreme Court held that the rules for post-conviction relief make no allowance for excuse. *Id.* "Rule 29.15 contains no authority for extension of the time limits expressly stated." *Id.*, at 153–54.

Here, under the ruling in *Smith*, the trial court had no authority to grant appellant's motion for leave to file a Rule 29.15 motion out of time, and thus did not err in denying it and dismissing the Rule 29.15 motion itself. Point denied.

Judgments affirmed.

CARL R. GAERTNER, P.J., and CRANE, J., concur.