**STATE of Missouri,**
**Plaintiff-Respondent**

v.

**Ernest Lee PHELPS,**
**Defendant-Appellant.**

**No. 49668.**

Missouri Court of Appeals,
Eastern District,
Division Four.

June 24, 1986.

Motion for Rehearing and/or
Transfer to Supreme Court
Denied July 29, 1986.

John Munson Morris, Asst. Atty. Gen., Jefferson City, for defendant-appellant.

Lawrence O. Willbrand, St. Louis, for plaintiff-respondent.

PUDLOWSKI, Judge.

On December 12, 1984, appellant, Ernest Lee Phelps, was convicted by a jury of robbery in the first degree in violation of Section 569.020, RSMo (1978). The Circuit Court of St. Louis County entered judgment on the jury's verdict and sentenced the appellant, as a dangerous offender, to twenty-five years imprisonment. We affirm.

The sufficiency of the evidence is not in question, but a brief recital of the facts is in order. On July 20, 1981, two clerks who

were working behind the courtesy counter at the Schnucks store in Dellwood, Missouri were robbed at gunpoint. The police were notified and the two women gave independent descriptions of the robber to the responding officer. They both described the robber as being approximately five feet four inches in height and one hundred forty-five pounds in weight.

The following day both clerks identified the appellant from a display of nine photographs provided by the police. One of these identifications occurred at the store and the other took place at the police station. A year later, both employees again identified the appellant in a police line-up.

Appellant had been previously convicted of this crime, but his conviction was reversed because the trial court allowed the state to cross-examine the appellant about the details of a prior robbery conviction. *State v. Phelps*, 677 S.W.2d 418 (Mo.App. 1984). On retrial in the case currently on appeal, the appellant did not testify.

Prior to the commencement of the second trial, the defense attorney made an oral motion in limine concerning the admissibility of copies of the photographs that were displayed to the two clerks the day after the robbery. Additionally, the record indicates that the defense attorney was concerned that a police officer, Captain Chapman, would volunteer during his testimony that the photographs contained an "arrest number" which would be evidence of an inadmissible previous arrest. This concern was based on his testimony in the previous trial. The court overruled the motion but instructed that the arrest numbers be covered with tape before being shown to the jury and that Officer Chapman be cautioned "not to volunteer more than is asked."

During the state's questioning of Officer Chapman at trial about the photographs, the following conversation occurred:

> PROSECUTOR: Just for the record which one is Ernest Phelps?
>
> OFFICER CHAPMAN: The one marked number 3C and also has D over to the right dated 12–10–84. The front of the

photograph is marked arrest number forty-one.

The defense attorney at the bench after the objection requested a mistrial, and the prosecutor responded he would go along with whatever the court decided. At this point, the defense accused the prosecution of a deliberate attempt to force a mistrial. The court then asked the defense, "You want a mistrial?" and the defense answered, "No."

The court suggested that the jury be instructed to disregard the testimony, and the defense attorney agreed. The trial court then addressed the jury: "Jurors, the last answer will be disregarded.... Please disregard the last answer."

■ Appellant claims that the trial court erred in failing to grant a mistrial when Officer Chapman volunteered the information about the arrest number on the face of the photograph because evidence of a previous arrest was prejudicial to his defense.

"The declaration of a mistrial is a drastic remedy that should be employed only in those extraordinary circumstances in which prejudice to the defendant can be removed no other way." *State v. Davis*, 653 S.W.2d 167, 176 (Mo. banc 1983). The declaration of a mistrial is in the discretion of the trial court because that court is in a better position than an appellate court to determine the prejudicial effect of the statement on the jury. *Id.* We will not disturb the trial court's decision unless there is an abuse of discretion. *Id.* The record indicates no abuse of discretion in this instance. The statement in question was not unduly prejudicial and did not make reference to any specific crime. *State v. Ianniello*, 671 S.W.2d 298, 302 (Mo.App.1984). The remark was isolated and not emphasized by the state. *See State v. Hill*, 614 S.W.2d 744, 752 (Mo.App.1981). The trial court was convinced it was an inadvertent, unresponsive answer. A similar allusion to a prior arrest was made by a police officer in *State v. Crawford*, 619 S.W.2d 735 (Mo. 1981), and no abuse of discretion was found under the circumstances. Furthermore,

appellant's own witness placed before the jury evidence of his previous arrest when she made reference to his probation officer during her testimony.

The testimony was not admissible; thus the court correctly excluded it when it immediately requested that the jury disregard the witness's answer. *See State v. Miller,* 680 S.W.2d 253, 255 (Mo.App.1984). Moreover, appellant withdrew his request for a mistrial during the conversation at the bench that directly followed his objection. Under the circumstances, "[t]he defendant received all the relief he asked for, and cannot now complain of error in not receiving more." *State v. Burns,* 581 S.W.2d 590, 595 (Mo.App.1979).

■ The appellant's second claim of error was that the court interjected comments that were favorable to the prosecution. During the cross-examination of one of the clerks who witnessed the robbery, the defense attorney requested that she remove her high-heeled shoes and demonstrate her height to the jury. Because the defendant was five feet eleven inches tall and the witness had previously described him as five feet four inches in height, the defense attorney wanted to demonstrate the inconsistency in her testimony. The trial court made the following comments:

THE COURT: I note the witness is in bare fee [sic] now.

\* \* \* \* \* \*

THE COURT: She's without any shoes right now. I want the record to show what she looks like at the moment.

While we agree with appellant that the trial court must maintain absolute impartiality and must not indicate by his comments his opinion on the merits of the case or the evidence presented in the case, the court clearly has the right to clarify matters to protect the record. *See State v. Davis,* 653 S.W.2d 167, 177 (Mo. banc 1983); *State v. Eddy,* 564 S.W.2d 938, 940 (Mo. App.1978); *State v. Clark,* 522 S.W.2d 332, 334 (Mo.App.1975). In this case, it is evident that the court was attempting to insure that the record was accurate because of the purely visual nature of the demonstration and did not violate its duty to remain impartial in the proceeding.

■ The appellant's final complaint is that the trial court abused its discretion in allowing the state to question its witnesses about the certainty of their numerous identifications of the appellant. The propriety of the question is a matter for the trial court. *State v. Taylor,* 496 S.W.2d 822, 824 (Mo.1973). The questions asked by the state are clearly consistent with the standard of *State v. Arrington,* 375 S.W.2d 186 (Mo.1964), *aff'd on rehearing,* 529 S.W.2d 368 (Mo.1975); therefore, there is no basis to the allegation of abuse of discretion in this case.

The judgment of the trial court is affirmed.

CRANDALL, P.J., and KELLY, J., concur.