STATE of Missouri,
Respondent/Plaintiff,

v.

Floyd JACKSON, Appellant/Defendant.

No. 52738.

Missouri Court of Appeals,
Eastern District,
Division Three.

Nov. 24, 1987.

Motion for Rehearing and/or Transfer
Denied Dec. 31, 1987.

Application to Transfer Denied
Feb. 17, 1988.

494

Henry B. Robertson, Asst. Public Defender, St. Louis, for appellant/defendant.

William L. Webster, Atty. Gen., Carrie Francke, Sp. Asst. Atty. Gen., Jefferson City, for respondent/plaintiff.

KAROHL, Presiding Judge.

Floyd Jackson appeals from his conviction after jury trial for robbery in the first degree, Section 569.020 RSMo 1986; assault in the second degree, Section 565.060 RSMo 1986; and armed criminal action, Section 571.015 RSMo 1986. He was sentenced as a prior and persistent offender to life, fifteen (15) years, and life respectively, all terms to be served consecutively.

Appellant claims on appeal the trial court erred (1) in overruling appellant's objections to the prosecutor's reference to defense counsel's performance of her duty; (2) in refusing to instruct on the lesser included offense of assault in the third degree; and (3) in overruling appellant's motion for mistrial following testimony by a witness that she had seen appellant in federal court. We affirm.

Defendant's points do not challenge the sufficiency of the evidence. The basic facts, in the light most favorable to the verdict, *State v. McBurnett*, 694 S.W.2d 769, 770 (Mo.App.1985), are as follows. On February 8, 1986, between 7:30 and 8:00 p.m., Kendol Smith and her friend Daveda Johnson separately drove to the National Food Store on North Kingshighway in St. Louis so that Mrs. Smith could leave the car for her husband's use. They pulled into the lot and Mrs. Smith parked the car. Daveda Johnson's car, with the headlights on, was parked directly behind the Smith vehicle. As Mrs. Smith had one foot out of the car, a man appeared with a gun in his hand and got into the car with her. Mrs. Smith subsequently identified this man as defendant.

Defendant took Kendol Smith's purse. He passed in front of Ms. Johnson's car as he left in the direction of Enright. She described him as five feet ten inches to six feet tall, in his middle forties, with a beard, cap, jeans, and dark, zippered sweat jacket.

Security guard Adam Burrow responded to a scream that someone had been robbed. He saw a man in dark clothes walking off the lot carrying a small purse. Burrow later identified this man as defendant. Burrow pursued defendant who turned and fired a shot from a distance of twenty-five or thirty feet. Burrow ducked behind a car and drew his own gun.

Defendant turned right at Hodiamont Tracks and Burrow briefly lost sight of him. Burrow went around the corner and saw defendant walking in the street. Burrow raised his gun and told defendant to halt. Defendant ran, but tripped and fell. Burrow handcuffed defendant, retrieved the purse and gun and escorted defendant back to the store. The gun, a .22 revolver, contained five live shells and one spent shell.

Defendant was identified by the victim and Daveda Johnson. He was wearing jeans and a black jacket.

Defendant first contends that certain remarks by the prosecutor in his closing argument, to the effect that defense counsel was just doing her job and had no choice in making her argument, were improperly allowed because it was an impermissible personal reference to counsel and a distraction from the evidence.

Following defense counsel's closing argument, the prosecutor in his closing remarks stated:

MR. CHANCELLOR [Prosecutor]: No way do I fault Kathy [sic] Gilbert for standing here and doing her job. She doesn't get to pick the case.

MS. GILBERT [Defense Counsel]: Your Honor, I'll object to any comment upon me. The case is what's before the jury.

THE COURT: Overruled, closing argument. Proceed.

MR. CHANCELLOR: She took what she had and just did a beautiful job. But she didn't talk about the evidence. It isn't what counsel thinks or counsel believes, or would like to have you believe. It's what the evidence before you is. When we talked to you on voir dire, only two things we asked you to swear that you would do, would you be guided in your decision by the evidence before you and by the law that Judge Peek will give you.

Were it not serious in what we're doing here, what she has just done would be comic. She would have you close your eyes and she would have you believe that Adam Burrow chased a person for no reason at all, and that that person somehow got around that corner and got away and things were left there, and some new person came in and fell in between. That's absurdity in its purest form. And although that's why we have 12 people of conscience—as I say, that's what I mean, I don't fault her for making that argument, because she's left with nothing else. She has no choice. You do have a choice. You have a choice of a clear conscience and common sense.

\* \* \* \* \* \*

She talks about photographs, and lineups. These are things that are employed by the police when no one is caught. If he gets away, then she is taken to the station and she looks at photographs. Later on, if the person is arrested, he's put in a lineup. That does not happen in a situation where you catch him with a gun and the person walks away. These are things that are just argued again I say because she has no coince (sic) because she's got to come up with something.

MS. GILBERT: Your Honor, I object to his commenting on my personal—me personally.

THE COURT: Overruled. Proceed.

We note at the outset that the trial court has broad discretion in controlling counsel's summation and a conviction will be reversed for improper argument only if it is established that the complained of comments had a decisive effect on the jury's determination. *State v. Newlon,* 627 S.W.2d 606, 616 (Mo. banc 1982), *cert. denied,* 459 U.S. 884, 103 S.Ct. 185, 74 L.Ed. 2d 149 (1982), *reh'g denied,* 459 U.S. 1024, 103 S.Ct. 391, 74 L.Ed.2d 520 (1982); *State v. Hicks,* 716 S.W.2d 387, 391 (Mo.App. 1986). Generally, error committed in a criminal case is presumed to be prejudicial and it is our duty on appeal to judicially determine whether, under the particular facts of this case, appellant was prejudiced by the prosecutor's unwarranted declarations. *State v. Morris,* 680 S.W.2d 315, 318 (Mo.App.1984). However, error, which in a close case might call for reversal, may be disregarded as not prejudicial when evidence of guilt is strong. *State v. Ford,* 639 S.W.2d 573, 576 (Mo.1982).

Here, the proper subject of the state's case should have focused upon: 1) the testimony and identification by the witnesses; 2) whether defendant had a gun when he took Kendol Smith's purse; 3) whether Mrs. Smith could properly identify both the gun and the assailant; and, 4) whether the security guard, Adam Burrow, had opportunity to observe, chase and apprehend the same individual who robbed Mrs. Smith and fired a shot at him. In other words, the proper function of the prosecution was to argue the evidence favorable to a finding of guilt on the charges of robbery in the first degree, assault in the second degree and armed criminal action. The direct evidence in this case was conclusive of guilt once the jury determined the credibility of the witnesses. In such case it is more than unlikely that the argument would or could distract the jury from its duty.

However, the prosecutor elected, for whatever reason, to digress from arguing his own case and to diminish the effectiveness of defense counsel's argument by alluding to topics that were unnecessary and improper. For example, when the prosecutor stated, "No way do I fault [defense counsel] Gilbert for standing here and doing her job. She doesn't get to pick the case", the state invited the connotation that defendant was represented by appointed

counsel who had no faith in defendant's cause. This tactic provides substance for defendant's subsequent claim that he was prejudiced thereby. Similarly, the prosecutor's statement, "It isn't what counsel thinks or counsel believes, or would like to have you believe" was inappropriate. The prosecuting attorney cannot possibly know what Ms. Gilbert thought or believed. The purpose underlying the argument portion of trial is to attempt to persuade the jury that the evidence supports or does not support the offenses charged. Arguments of this type do not accomplish this purpose.

∎ The timely objection by defense counsel to this line of personal comment should have been sustained for several reasons. First, these remarks were unnecessary to the subject matter of the state's case. Second, these remarks were purely collateral. The legitimate and proper tactics of defense counsel were not matters for jury findings. Finally, the evidence in the case was eyewitness, direct evidence of guilt which, if believed, would convict defendant. There were no side issue allegations that defense counsel had acted improperly or had invited these comments directed against her. It was totally unnecessary to permit the prosecutor to cloud the jury's duty by blaming or excusing defense counsel or to imply guilt on the basis of conduct of defense counsel.

∎ However, our duty is not only to determine whether the trial court correctly overruled a timely objection, but also whether the permitted argument was prejudicial. Although we find defense counsel's objection was improperly overruled, viewing the entire record, we cannot say appellant was prejudiced thereby.

The direct evidence in this case strongly supports the jury's determination of guilt. The two victims, Smith and Burrow, directly and positively identified appellant as their assailant. Moreover, Burrow's pursuit of appellant led to his apprehension. He was caught "red-handed". Further, Daveda Johnson also affirmatively identified appellant as Ms. Smith's assailant. On these facts the function of the jury was not impaired and the unfortunate comments

were not prejudicial. Accordingly, appellant's first point is denied.

Appellant next asserts that the trial court erred in failing to give a lesser included instruction on third degree assault. In support of this claim, appellant contends that the evidence supported an acquittal of the assault second charge and a conviction of the lesser included offense of assault in the third degree. He argues that because the shot fired at the security guard was at a distance of twenty-five to thirty feet this did not indicate, as a matter of law, that appellant intended to inflict injury. Rather it was also indicative that appellant may have been trying to place the security guard in apprehension of injury in an attempt to get Burrow to stop the pursuit.

∎ The trial court is not required to charge the jury with respect to a lesser included offense unless there is a basis for acquitting the defendant of the offense charged and convicting him of the lesser included offense. Section 556.046.2 RSMo 1986. Where proof of defendant's guilt of the offense charged is strong and substantial, where the evidence clearly indicated the commission of the more serious crime and where there is no evidence to support an adverse finding on an element of the charged crime, it is not necessary to instruct on a lesser included offense. *State v. Harris*, 598 S.W.2d 200, 203 (Mo.App. 1980). Moreover, the use of a deadly weapon in an assault case precludes the requirement of submission on the common assault charge because the natural consequence of using a deadly weapon is, at the very least, great bodily harm. *State v. Heitman*, 613 S.W.2d 902, 906 (Mo.App.1981). Here there was no evidence the shot was not aimed at Burrow.

Defendant's conviction was based upon Section 565.060 RSMo 1986 in that he knowingly or recklessly attempted to cause physical injury to Adam Burrow by means of a deadly weapon. The evidence indicated that defendant fired a shot at the security guard while attempting to flee the parking lot. Defendant continued to flee after the shot was fired. Defendant did not testify or call any witnesses concerning

the facts of the offense charged. The only evidence was direct eyewitness testimony which if believed, as it was by the jury, was sufficient to convict of assault in the second degree.

Accordingly, we find no error in the trial court's refusal to instruct on the lesser included offense of assault in the third degree.

Defendant's final claim is that the trial court erred in failing to declare a mistrial following testimony by a witness that she had previously seen defendant in federal court. Defendant argues this prejudicially affected him in that the jury, if it believed he had been tried and convicted by another jury deciding some of the same issues, would be easier persuaded to likewise convict defendant in this case.

Appellant's point is based upon the following exchange:

[Defense counsel] Q. And you haven't seen Mr. Jackson when you walked in the courtroom here since you saw him outside—through the window of the store that night?

[Ms. Johnson] A. That's right. No, I have seen him once since then, in Federal Court.

Q. Okay. So you have seen him in another proceeding relating to this case?

A. Yes.

At the conclusion of Daveda Johnson's testimony, counsel approached the bench:

MS. GILBERT: Your Honor, at this time, based on the witness's response to one of my questions referring to Federal proceedings in this case, I'm going to have to move for a mistrial; it was an answer that I anticipated—I did not realize that she'd testified in Federal Court; and her answer has stated without any question, to the jury that my client has other charges—federal charges, which is certainly inadmissible, and extremely prejudicial. I didn't want to make a big deal at the time, I went ahead and finished my questions, but I don't want to draw attention of it to the jury. Should my objection be overruled, I think an instruction to the jury to disregard it

would not cure the prejudice. I will have to move for a mistrial.

MR. CHANCELLOR: She asked the question. And she knew he was in federal court. How can she ask for something, and get an answer. The woman is being honest. And then ask for a mistrial.

MS. GILBERT: Your Honor, if I knew he had a federal case—He pleaded guilty on those charges. I had no knowledge that there had ever been any courtroom proceeding with testimony or that these witnesses had testified in that proceeding till she responded in that way.

MR. CHANCELLOR: It is not grounds for a mistrial.

THE COURT: Of course, a mistrial is a drastic sanction to impose. It seems to me that whether you intended to or not, it was in response to your question. And, further, you mentioned afterwards that it was in a proceeding connected with this case in federal court. And I think that kind of added to it. I'm going to deny your motion for a mistrial.

MS. GILBERT: If I may state my reason for mentioning it afterwards, was an attempt to minimize and indicate that this was not another crime that happened.

THE COURT: I'm not blaming you, or him. Motion for mistrial is denied.

Declaring a mistrial is a drastic remedy warranted only by the most compelling of circumstances. *State v. Johnson,* 700 S.W.2d 815, 819 (Mo. banc 1985), *cert. denied,* 476 U.S. 1119, 106 S.Ct. 1980, 90 L.Ed.2d 663 (1986). A mistrial should be granted rarely and only when the error is so prejudicial to defendant that no other curative measures could remove it. *State v. Cooper,* 708 S.W.2d 299, 304 (Mo.App. 1986). The declaration of a mistrial lies within the discretion of the trial court because that court is in a better position than the appellate court to determine the prejudicial effect of the statement on the jury. *State v. Phelps,* 713 S.W.2d 555, 556 (Mo. App.1986). We will not disturb the trial court's decision absent abuse of discretion. *Id.*

The present case indicates no abuse of discretion. The statement of the witness was in response to defense counsel's own line of questioning. Ms. Johnson's statement was not unduly prejudicial and did not refer to any specific crime. The situation is not unlike the events which occurred in *State v. Phelps,* 713 S.W.2d at 556. Similarly, her remark was isolated and not emphasized by the state. The trial court was asked only for the relief of a mistrial, which it denied. Defendant cannot now complain of error in not receiving other relief. *State v. Burns,* 581 S.W.2d 590, 595 (Mo.App.1979).

Judgment affirmed.

SMITH and KELLY, JJ., concur.