**STATE of Missouri, Respondent,**

v.

**Ronald Eugene BOYER, Appellant.**

**No. 57453.**

Missouri Court of Appeals,
Eastern District,
Division Two.

Jan. 22, 1991.

Rehearing Denied Feb. 20, 1991.

H. William Brown, Kirkwood, for appellant.

William L. Webster, Atty. Gen., Breck K. Burgess, Asst. Atty. Gen., Jefferson City, for respondent.

CRIST, Judge.

Appeal from jury convictions for three counts of robbery in the first degree, one count of tampering in the first degree, and one count of assault in the second degree, for which defendant was sentenced to consecutive terms of ten years, ten years, ten years, ten years and seven years respectively.

Viewed in the light most favorable to the verdict, the evidence showed defendant was involved in a pattern of robberies in the Jefferson County area. He and a companion would find an unlighted house, then order a pizza via the public telephone for delivery to the unlighted address. They then robbed the pizza delivery person of his money and the pizza with the aid of a crowbar and a tire tool. On one occasion the delivery person was struck and injured. On another occasion the defendant and his companion took the delivery vehicle from the delivery person and drove away. After defendant's arrest, he confessed orally to police officers. Defendant testified that he did not so confess and proffered an alibi.

Defendant asserts "the court erred in failing to suppress and keep from evidence appellant's confession to the investigating police officers which were [sic] made subsequent to his arrest." This assertion is not preserved for appellate review for the reason it fails to state wherein and why the trial court erred. Rule 30.-06(d). *State v. White,* 654 S.W.2d 288, 290[6] (Mo.App.1983); *State v. Sanders,* 714 S.W.2d 578, 587[10] (Mo.App.1986). We find no good reason in the argument portion of defendant's brief to disturb the trial court's findings. *State v. Stokes,* 710 S.W.2d 424, 428–429[12–13] (Mo.App.1986). The record shows defendant was not threatened or coerced. No promises were made to defendant. The questioning lasted about two and one-half hours. It ended when defendant invoked his right to counsel, as police officers prepared to videotape his confessions. Defendant's oral confessions were voluntary within the ambit of *State v. Sidebottom,* 753 S.W.2d 915, 924 [22] (Mo. banc 1988), *cert. denied,* 488 U.S. 975, 109 S.Ct. 515, 102 L.Ed.2d 550 (1988). Point denied.

Defendant's second point is also deficient. He alleges "the court erred in refusing to instruct the jury on the lesser and included offense of *burglary* in the second degree on Count I as requested by the appellant." (Emphasis ours.) In the argument portion of defendant's brief, he argues the court erred when it refused to instruct the jury as to *robbery* in the second degree on Count I. However, assuming the use of the word "burglary" was a mere technicality, we will review defendant's point.

The trial court was not obligated to instruct on lesser included offenses unless there was a basis for a verdict acquitting the defendant of a greater offense and convicting him of the included offense. *State v. Murray*, 744 S.W.2d 762, 773[26, 27] (Mo. banc 1988), *cert. denied*, 488 U.S. 871, 109 S.Ct. 181, 102 L.Ed.2d 150 (1988). A person commits the crime of "robbery in the first degree when he forcibly steals property and in the course thereof ... displays or threatens the use of what appears to be a deadly weapon or a dangerous instrument." § 569.020, RSMo 1986. A person commits the crime of "robbery in the second degree when he forcibly steals property." § 569.030, RSMo 1986. In Count I defendant was convicted of taking money and a pizza from one Greg DeVeydt by threatening physical force and displaying or threatening the use of what appeared to be a deadly weapon or dangerous instrument. The evidence showed during the robbery of DeVeydt, defendant and an accomplice displayed dangerous instruments, threatening the victims by displaying crowbars or tire tools. Defendant used an alibi defense, and failed to challenge the victim's testimony he was robbed by individuals who were armed with crowbars or tire tools. Accordingly, there was no evidence to support acquittal of defendant on the offense of robbery in the first degree and the conviction of defendant for the offense of robbery in the second degree. *State v. Twitty*, 793 S.W.2d 561, 565–66[9] (Mo.App.1990).

For his third point, defendant again asserts "the trial court erred in refusing to instruct the jury on the lesser and included offense of *burglary* in the second degree in *Count II* as requested by the appellant." (Emphasis ours.) In Count II defendant was convicted of taking money and a pizza from one Tim Eberhardt by the immediate use of physical force and displaying or threatening the use of what appeared to be a deadly weapon or dangerous instrument. In the argument portion of his brief, defendant does not suggest the appropriate lesser included offense. Again, we surmise defendant intended to allege the trial court erred in failing to submit an instruction for *robbery* in the second degree.

In the argument portion of this same point, defendant suggests the court erred in failing to instruct the jury as to the lesser included offense of *tampering* in the second degree as to *Count III*. This point is too confusing for us to determine what defendant wants us to review. There is no substance to defendant's argument in this point. It has not been preserved for review in violation of Rule 30.06(d).

For his fourth point, defendant asserts he was entitled to a judgment of acquittal at the close of the State's case for failure to establish venue as to Counts IV and V. This point has no merit for the reason defendant introduced evidence on his own behalf after his motion for judgment of acquittal at the close of the State's case was denied. *State v. Davis*, 753 S.W.2d 25, 27. In any event venue was proven by evidence that the robbery and assault of Bryan Mabery occurred on Alexander Drive in the City of Festus in Jefferson County. *State v. Seaman*, 625 S.W.2d 950, 953[3, 4] (Mo.App.1981). This point is denied.

For his fifth point, defendant asserts he was entitled to a lesser included offense instruction of assault in the third degree. He was convicted of assault in the second degree. Assault in the second degree occurs if a person knowingly causes physical injury to another person by means of a dangerous instrument. § 565.060, RSMo 1986. Assault in the third degree occurs if a person attempts to cause or recklessly causes physical injury to another person. § 565.070, RSMo 1986. Defendant states he was entitled to an instruction on assault in the third degree because the State could not prove beyond a reasonable doubt that defendant struck Mabery with a crowbar or tire hook (a dangerous instrument). Mabery stated he was hit in the head, looked up and saw a man standing there with something in his hand that resembled a crowbar, or tire hook. The object left a large cut on Mabery's head. Defendant confessed he struck Mabery with a crowbar. There is no evidence that

a crowbar or tire hook was not used. Accordingly, there was no evidentiary basis for acquitting defendant of assault in the second degree and for convicting him of assault in the third degree. *State v. Jackson,* 743 S.W.2d 493, 496–497[6–8] (Mo.App. 1987). Point denied.

In defendant's sixth point he alleges "the court erred in failing to grant defendant's motion for a mistrial when a State's witness implicated defendant in another crime for which he was not currently being tried or charged." However, there was no evidence of crimes other than those for which defendant was charged. Point denied.

Judgment affirmed.

GARY M. GAERTNER, P.J., and SIMON, J., concur.