STATE of Missouri, Respondent,

v.

Frederick TORAN, Appellant.

No. 64441.

Missouri Court of Appeals,
Eastern District,
Division One.

July 5, 1994.

S. Paige Canfield, St. Louis, for appellant.

Jeremiah W. (Jay) Nixon, Atty. Gen., John R. Watson, Asst. Atty. Gen., Jefferson City, for respondent.

CRANDALL, Presiding Judge.

Defendant, Frederick Toran, appeals from the judgment of his conviction, after a jury trial, of assault in the second degree. He was sentenced as a prior and persistent offender to a term of imprisonment of ten years. We affirm.

Defendant does not challenge the sufficiency of the evidence. Viewed in the light most favorable to the verdict, the evidence established that on May 10, 1992, defendant was baby sitting for his three month old daughter, Patricia, a small baby who had been born prematurely. He shook her because she wouldn't stop crying. Two days later, Patricia was taken to the hospital because she was having seizures. Medical tests revealed evidence of three- to four-week-old blood on her brain, as well as of new bleeding on one side of her brain. Further medical examination uncovered fractures of the left clavicle and of the ribs, the fractures being about two to three weeks old. In the opinion of the neurologist who examined Patricia at the hospital, the bleeding in the brain was caused by "shaken baby syndrome." Surgical intervention was required to relieve the pressure in Patricia's skull, which developed as a result of the new bleeding on her brain.

In his first point, defendant contends that the trial court erred in refusing to in-

struct the jury on the lesser included offense of assault in the third degree. The court submitted Instruction No. 5, which was patterned on MAI–CR3d 319.12 and which provided that the jury find defendant guilty of assault in the second degree if they found beyond a reasonable doubt that "defendant recklessly caused *serious physical injury* to Patricia Andrews by shaking her...." (emphasis added). The court refused to give defendant's proffered instruction, which was patterned on MAI–CR3d 319.16 and which required the jury to find defendant guilty of assault in the third degree if they found that "defendant recklessly caused *physical injury* to Patricia Andrews by shaking her...." (emphasis added). Defendant argues that "his actions only caused physical injury and earlier injuries not attributed to [him] were the contributing cause to the baby's 'serious physical injury.'"

■ The trial court is not required to instruct the jury with respect to a lesser included offense unless there is a basis for acquitting the defendant of the offense charged and convicting him of the lesser included offense. *State v. McMahan,* 821 S.W.2d 110, 112 (Mo.App.1991). Where proof of defendant's guilt is strong, where the evidence clearly indicates the commission of the more serious crime, and where there is no evidence to support an adverse finding on an element of the charged crime, it is not necessary to instruct on a lesser included offense. *State v. Jackson,* 743 S.W.2d 493, 496 (Mo.App.1987).

■ A defendant is criminally responsible for assault in the second degree by whatever means it was accomplished, provided the resultant injury was proximately caused by his unlawful act. *State v. Vaughn,* 707 S.W.2d 422, 426 (Mo.App.1986). In *State v. Lowrey,* 764 S.W.2d 957 (Mo.App.1989), the defendant was found guilty of second degree assault for striking a three-year-old. The child died as a result of a combination of bleeding in the skull from the defendant's blow and bleeding from a head injury which had occurred about four weeks prior to the incident in question. *Id.* at 958. The court found that the defendant was responsible for the assault because her striking the child was the proximate

cause of the child's death. *Id.* at 959. The court rejected the argument that in light of the child's pre-existing medical condition, the defendant's slap alone did not cause serious physical injury. *Id.*

Here, defendant's conviction was based on Section 565.060.3, RSMo (1986), in that he recklessly caused serious physical injury to Patricia. The evidence was that defendant's shaking the three month old baby caused her serious physical injury. The neurologist testified that in addition to the previous head injuries, "[t]here was a new injury and that's why the child stayed in the hospital." The physician stated that the bleeding from the new injury and the resulting pressure on the brain was usually caused by "shaken baby syndrome." There was no basis for acquittal of the greater offense and conviction of the lesser offense. Defendant's first point is denied.

■ In his second point, defendant contends that the trial court committed plain error in submitting a reasonable doubt instruction modeled on MAI–CR3d 302.04 which defined "proof beyond a reasonable doubt" as "proof that leaves you firmly convinced of the defendant's guilt." Defendant argues the instruction lowers the State's burden of proof in a criminal case. The Supreme Court of Missouri has consistently rejected this argument. *See, e.g., State v. O'Brien,* 857 S.W.2d 212, 222 (Mo. banc 1993); *State v. Waller,* 816 S.W.2d 212, 218 (Mo. banc 1991). Point two is denied.

The judgment of conviction is affirmed.

REINHARD and CRIST, JJ., concur.