STATE of Missouri, Respondent,

v.

Edward JEFFERSON, Appellant.

No. ED 99248.

Missouri Court of Appeals, Eastern District, Division One.

Nov. 26, 2013.

Roxanna A. Mason, Saint Louis, MO, for Appellant.

Chris Koster, Attorney General, Mary H. Moore, Assistant Attorney General, Jefferson City, MO, for Respondent.

## OPINION

GLENN A. NORTON, Judge.

Edward Jefferson appeals the judgment entered upon a jury verdict convicting him of one count of second-degree assault and one count of armed criminal action. We affirm.

## I.  BACKGROUND

### A.  Evidence Presented at Trial

The following evidence was presented at Jefferson's trial.  Jefferson lived with his wife ("Wife") and his stepson ("Son") in a home in the City of St. Louis.  On July 20, 2011, Jefferson helped Son fix his car at the auto shop where Jefferson was employed. After the car was fixed, Jefferson drank over a pint of whiskey and went home.

Wife and Son were present at the home when Jefferson arrived and they testified that the following occurred.  Jefferson sat on the couch when he got home.  Wife told Jefferson, who was intoxicated, to get off of the couch because he was dirty from working on Son's car.  Jefferson then started yelling and cursing.  Son told Jefferson to get up and pulled him off the couch, and then Jefferson stumbled backwards and fell.  Jefferson got up, and Son left the room.  Jefferson continued to yell, and Wife and Son both testified that Jefferson told Wife, "I'm going to kill your bitch ass son."  When Son approached Jefferson to try to get him to be quiet and calm down, Jefferson stabbed Son in the abdomen with a pocket knife.  Wife and Son both testified that Jefferson kept charging towards Son after the stabbing occurred, trying to stab Son again, so Son picked up a chair and held it in front of him to protect himself from being stabbed again.  Son said Jefferson was "kind of staggering" and "kind of stumbling" while he was trying to stab Son again.

Jefferson eventually left the house, and Wife called the police.  When officers arrived at the residence, Son had a stab wound on his abdomen, had a hard time breathing, was sweating profusely, was very disoriented, and had difficulty answering the officers' questions.  Wife and Son told the officers that Jefferson had stabbed Son and that they believed Jefferson had gone to a nearby gas station at Lillian and Goodfellow.  Officers went to the gas station and found Jefferson there.  Jefferson had a pocket knife on his person that appeared to have blood on it.  Jefferson appeared to be very intoxicated, was yelling, was slurring his speech, and smelled of alcohol.  Nevertheless, Jefferson was able to answer the officers' questions and was stable on his feet.  The officers arrested Jefferson, and the pocket knife was introduced into evidence at trial.

Son was transported to the hospital where he stayed for eight days.  The knife had penetrated his abdominal wall and the injury required surgery.

At trial, Jefferson testified in his own defense.  Jefferson testified that he could not remember everything that happened on July 20, 2011.  Jefferson said that he only remembered working on Son's car, drinking over a pint of whiskey, going to his house, Wife telling him to get out of the bedroom because he was too dirty, sitting down on the couch, and then leaving the house to go to the gas station.  Jefferson stated that he drank a pint of whiskey every evening and had done so for thirty-five to forty years.  He also stated that there were "quite a few times" in his past where he would "black out" after drinking and not remember what had happened.  Jefferson stated that the pocket knife admitted into evidence was his and that he normally carried the knife on him for use during work.

### B.  Relevant Procedural Posture

The State's indictment charged Jefferson with first-degree assault and armed criminal action.  At Jefferson's jury trial, defense counsel offered an instruction for the lesser-included offense of third-degree assault.  The proposed third-degree assault instruction would have required the

jury to find Jefferson guilty of third-degree assault if he "recklessly created a grave risk of death or serious physical injury to [Son] by stabbing him." The trial court sustained the State's objection to that instruction, finding there was no evidence that Jefferson acted recklessly.

The jury was instructed on first-degree assault, the lesser-included offense of second-degree assault, and armed criminal action. The second-degree assault instruction required the jury to find Jefferson guilty if he "knowingly caused physical injury to [Son] by means of a dangerous instrument by stabbing him." The jury found Jefferson guilty of second-degree assault and armed criminal action. Subsequently, the trial court entered a judgment in accordance with the jury's verdict and sentenced Jefferson to a total of nine years of imprisonment. Jefferson filed a motion for new trial, in which he asserted that the trial court erred in refusing to instruct the jury on the lesser-included offense of third-degree assault. The trial court denied Jefferson's motion for new trial, and Jefferson appeals.

## II. DISCUSSION

### A. The Trial Court did Not Err in Refusing to Instruct the Jury on the Lesser–Included Offense of Third–Degree Assault

■ In his sole point on appeal, Jefferson asserts that the trial court erred in refusing to instruct the jury on the lesser-included offense of third-degree assault. In reviewing whether a trial court erred in refusing to instruct a jury on a lesser-included offense, our Court views the evidence in the light most favorable to the defendant. *State v. Taylor*, 373 S.W.3d 513, 524 (Mo.App. E.D.2012).

### 1. General Law

■ "The court shall be obligated to instruct the jury with respect to a particular included offense only if there is a basis in the evidence for acquitting the defendant of the immediately higher included offense and there is a basis in the evidence for convicting the defendant of that particular included offense." Section 556.046.3 RSMo Supp.2002. "The trial court must instruct on each offense *if the evidence supports differing conclusions.*" *State v. Greer*, 348 S.W.3d 149, 154 (Mo.App. E.D. 2011) (emphasis in original).

■ However, the trial court is not required to instruct the jury on a lesser-included offense where there is strong and substantial proof of the greater offense and the evidence does not suggest a questionable essential element of that offense. *Id.* "A basis for acquittal of the greater offense requires some evidence that an essential element of the greater offense is lacking and the element that is lacking must be the basis for acquittal of the greater offense and the conviction of the lesser." *Id.* (internal quotations omitted). Furthermore, an instruction for a lesser-included offense is only required "if a reasonable juror could draw inferences from the evidence presented that an essential element of the greater offense has not been established." *Id.* (internal quotations omitted).

In this case, Jefferson was convicted of second-degree assault and the trial court refused to submit defense counsel's proposed instruction for third-degree assault. It is undisputed that second-degree assault and third-degree assault are both lesser-included offenses of first-degree assault. *Id.* For purposes of this appeal, the difference between the elements of second-degree assault and third-degree assault is the requisite mental state. Consistent with the elements of second-degree assault found in section 565.060.1(2) RSMo Supp.

2007, the jury was instructed to find Jefferson guilty of second-degree assault if he "knowingly caused physical injury to [Son] by means of a dangerous instrument by stabbing him." A person "acts knowingly" "[w]ith respect to a result of his conduct when he is aware that his conduct is practically certain to cause that result." Section 562.016.3(2) RSMo 2000.[1] Additionally, consistent with the elements of third-degree assault set forth in section 565.070.1(4), defense counsel's proposed third-degree assault instruction would have required the jury to find Jefferson guilty of third-degree assault if he "recklessly created a grave risk of death or serious physical injury to [Son] by stabbing him." A person "acts recklessly" "when he consciously disregards a substantial and unjustifiable risk that circumstances exist or that a result will follow, and such disregard constitutes a gross deviation from the standard of care which a reasonable person would exercise in the situation." Section 562.016.4.

### 2. There was No Basis in the Evidence that Jefferson Acted Recklessly Instead of Knowingly

Jefferson maintains the trial court should have instructed the jury on third-degree assault because: (1) there was little evidence to show that Jefferson acted knowingly during the stabbing incident, which is the mental state required for second-degree assault, and (2) the evidence supported a finding that Jefferson merely acted recklessly during the incident, which is the mental state required for third-degree assault. We disagree.

In general, direct proof of a defendant's mental state is rarely available and such intent is usually inferred from circumstantial evidence. *State v. Byrd*, 389 S.W.3d 702, 709 (Mo.App. E.D.2012). "The defendant's mental state may be determined from evidence of the defendant's conduct before the act, from the act itself, and from the defendant's subsequent conduct." *Id.* (internal quotation omitted). It is presumed that a person intends the natural and probable consequences of his or her acts. *Id.*

Jefferson asserts there was a basis in the evidence that he did not act knowingly and merely acted recklessly when he stabbed Son with his knife because he did not remember stabbing Son and because he was intoxicated.[2] Similar arguments were rejected by the Western District in *State v. Johnson*, 770 S.W.2d 263, 266–67 (Mo.App. W.D.1989). In *Johnson*, the defendant asserted that he was entitled to an instruction on a lesser-included offense of assault based on reckless rather than knowing conduct. *Id.* The defendant argued that the jury could have

---

1. Unless otherwise indicated, all further statutory references are to RSMo 2000.

2. In support of his argument that a defendant's state of intoxication may support a finding of reckless conduct, Jefferson relies on *State v. Fox*, 916 S.W.2d 356, 358–360 (Mo. App. E.D.1996). He claims that *Fox* involved a similar situation involving a drunken incident, and our Court concluded that jurors could have found the intoxicated defendant acted recklessly by displaying and pointing a knife toward the victim. *See id.* at 360. Based on the reasoning set forth in *State v. Hostetter*, 126 S.W.3d 831, 835 (Mo.App. W.D.

2004), *Fox* is inapposite to our analysis in this case. *Fox*, like the cases referred to in *Hostetter*, only addresses the sufficiency of the evidence to support a defendant's conviction for involuntary manslaughter, on which the jury was instructed. *See Hostetter*, 126 S.W.3d at 835; *Fox*, 916 S.W.2d at 358–360. Unlike here, the issue in *Fox* was not whether the defendant was entitled to an instruction on a lesser-included instruction that the trial court had refused. *See Fox*, 916 S.W.2d at 358–360. "The standards for reviewing these different issues vary greatly." *Hostetter*, 126 S.W.3d at 835. Therefore, Jefferson's reliance on *Fox* is misplaced. *See id.*

found his conduct to be reckless because he testified that he did not remember the night the crime occurred and because he was intoxicated. *Id.* at 267. In rejecting the defendant's arguments, the Court held that the defendant's claim to have no memory of the assault did not constitute evidence of reckless conduct. *Id.* The Court also held that pursuant to section 562.076 RSMo 1986, a defendant's state of intoxication should not be considered in determining whether he or she is entitled to a lesser-included instruction requiring reckless rather than knowing conduct. *Id.* at 265, 267. Indeed, section 562.076.1 provides that a person who is in an intoxicated condition which is voluntary produced is criminally responsible for his or her conduct. Additionally, section 562.076.3 states in relevant part: "[e]vidence that a person was in a voluntarily intoxicated ... condition ... in no event shall [ ] be admissible for the purpose of negating a mental state which is an element of the offense."

Pursuant to the reasoning in *Johnson* and the language of sections 562.076.1 and 562.076.3, Jefferson's lack of memory about the assault and Jefferson's state of intoxication does not constitute evidence of reckless conduct and does not support an inference of reckless conduct which would have entitled Jefferson to a lesser-included instruction on third-degree assault. Moreover, we find that evidence of Jefferson's conduct before and after the stabbing constitutes strong and substantial circumstantial proof that Jefferson acted knowingly, i.e. was aware that his conduct was practically certain to cause physical injury to Son by means of a dangerous instrument by stabbing him. Specifically, two eyewitnesses (Wife and Son) testified that Jefferson threatened to kill Son prior to stabbing him with a pocket knife and that after Jefferson stabbed Son, Jefferson kept charging at Son and tried to stab him again. Accordingly, no reasonable juror could draw an inference from the evidence presented that the State failed to establish the requisite "knowingly" mental state of second-degree assault. Because there was no basis in the evidence that Jefferson acted recklessly instead of knowingly, the trial court did not err in refusing to instruct the jury on the lesser-included offense of third-degree assault. Point denied.

## III. CONCLUSION

The judgment convicting Jefferson of one count of second-degree assault and one count of armed criminal action is affirmed.

ROY L. RICHTER, P.J. and
CLIFFORD H. AHRENS, J., concur.